1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES, A LAW CORPORATION
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:      (619) 232-4261
5  FACSIMILE:      (619) 232-4840

FILED

07 DEC 28 PM 4:07

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                      DEPUTY

6  Attorneys for *Specially Appearing* Defendants HARRAH'S ENTERTAINMENT, INC.,
   HARRAH'S OPERATING COMPANY, INC. and HARRAH'S RINCON RESORT & CASINO,
7  INC.

8

9                 UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

11                                    '07 CV 2430 IEG POR

12  MARISELA AYON, an individual, JOSE R.      CASE NO.
    AYON, an individual,
13                                             Action Date:    October 22, 2007
              Plaintiffs,
14
    vs.
15
    HARRAH'S ENTERTAINMENT, INC., a            DECLARATION OF RONALD R. GIUSSO
16  Delaware corporation; HARRAH'S             IN SUPPORT OF NOTICE OF REMOVAL
    OPERATING COMPANY, INC., a Delaware
17  corporation; HARRAH'S RINCON RESORT
    & CASINO, INC., a corporation qualified to
18  do business in California; and DOES 1 to 25,
    inclusive,
19
              Defendant.
20

21          I, RONALD R. GIUSSO, declare:

22

23          1.      I am an attorney licensed to practice law before all courts in the State of California

24  and the United States District Court, Southern District of California, and am an attorney with the

25  law firm of Shea Stokes, ALC, attorneys of record herein for *Specially Appearing* Defendants

26  HARRAH'S ENTERTAINMENT, INC., HARRAH'S OPERATING COMPANY, INC. and

27  HARRAH'S RINCON RESORT & CASINO, INC.  I have personal knowledge of the facts set

28  forth in this Declaration and can competently testify thereto.  I make this declaration as required

1   by 28 *U.S.C.* section 1446 in support of the Notice of Removal of Civil Action.

2

3       2.      Attached collectively hereto as Exhibit "A" is a true and correct copy of the

4   Summons and Complaint filed as *Marisela Ayon, an individual, Jose R. Ayon, an individual v.*

5   *Harrah's Entertainment, Inc., a Nevada corporation; Harrah's Rincon Resort & Casino, Inc., a*

6   *corporation qualified to do business in California; and, DOES 1 to 25 inclusive,* as Case No. 37-

7   2007-00054281-CU-PO-NC, in the Superior Court of the State of California in and for the County

8   of San Diego ("*Ayon*"), the Statement of Damages, Notice of Case Assignment, Notice of Hearing,

9   and First Amended Complaint.

10

11      3.      The named *Specially Appearing* Defendants have given their authority and

12  authorize the filing of the notice of removal and related pleadings as to this matter at this time.

13

14      I declare under penalty of perjury under the laws of the state of California that the

15  foregoing is true and correct.  Executed this 28th day of December 2007, at San Diego, California.

16

17  _____

18  RONALD R. GIUSSO

19

20

21

22

23

24

25

26

27

28

S0078882

DECLARATION OF RONALD R. GIUSSO IN
SUPPORT OF NOTICE OF REMOVAL

**EXHIBIT A**

SUM-100

## SUM...ONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HARRAH'S ENTERTAINMENT, INC., a NEVADA corporation; HARRAH'S RINCON RESORT & CASINO, INC., a Corporation qualified to do business in California; and, DOES 1 to 25, inclusive,
Defendants.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARISELA AYON, an individual,
JOSE R. AYON, an individual,  Plaintiffs

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro, en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior COurt - North County Regionl Center
325 Melrose
Vista, CA 92801

CASE NUMBER *(Número del Caso):*
37-2007-00054281-CU-PO-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of JE Griswold & Associates
James E. Griswold, Esq.
2510 North Grand Avenue, Suite 201, Santa Ana, CA  92705    714.633.9500

DATE:
*(Fecha)*  JUL  0 9 2007

Clerk, by _____ , Deputy
*(Secretario)*     I. Plasencia    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [New January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

**LAW OFFICES OF JE GRISWOLD & ASSOCIATES**
**JAMES E. GRISWOLD, SBN 207294**
2510 North Grand Avenue, Suite 201
Santa Ana, California 92705-8754

Telephone      714.633.9500
Facsimile      714.633.3885

Attorney for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

## NORTH COUNTY REGIONAL CENTER

|  |  |
|---|---|
| MARISELA AYON, an individual,<br>JOSE R. AYON, an individual,<br><br>Plaintiffs,<br><br>V.<br><br>HARRAH'S ENTERTAINMENT, INC., a<br>NEVADA corporation; HARRAH'S<br>RINCON RESORT & CASINO, INC., a<br>Corporation qualified to do business in<br>California; and, DOES 1 to 25, inclusive,<br><br>Defendants. | Case No. 37-2007-00054281-CU-PO-NC<br><br>**COMPLAINT FOR DAMAGES BASED<br>ON PREMISES LIABILITY;<br>NEGLIGENCE--*RES IPSA LOQUITUR*;<br>LOSS OF CONSORTIUM**<br><br><u>**JURY TRIAL DEMANDED**</u><br><br>**UNLIMITED CIVIL** |

Plaintiff MARISELA AYON sues defendants and alleges:

1.      Plaintiff MARISELA AYON, is, and at all times relevant hereto has been, a resident of the State of California, County of San Diego.

2.      Plaintiff JOSE R. AYON, is, and at all times relevant hereto has been, a resident of the State of California, County of San Diego.

COMPLAINT FOR DAMAGES - 1

3.      Plaintiffs are informed and believe and thereupon allege, that Defendant HARRAH'S ENTERTAINMENT, INC. is, and at all times herein mentioned was, a corporation qualified to do business in the State of California.

4.      Plaintiffs are informed and believe and thereupon allege, that Defendant HARRAH'S RINCON RESORT & CASINO, INC. is, and at all times herein mentioned was, a corporation qualified to do business in the State of California.

5.      The true names and capacities of the Defendants named herein as DOES 1 through 25, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure Section 474.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by those defendants.  Each reference in this complaint to "defendant," "defendants," or specifically named defendant refers also to all defendants sued under fictitious names.  Plaintiffs will amend this complaint to show such true names and capacities when they have been determined.

6.      A substantial part of the events or omissions giving rise to the causes of action herein occurred in the city of Valley Center, State of California.

7.      Each Defendant is jointly and severally liable for the entire amount of Plaintiff's damages, see American Motorcycle Assn. V. Superior Court (1978) 20 Cal. 3d 578, 586-587.  Each Defendant is personally liable for the damages sustained, and the Plaintiff may sue one or all of the Defendants to obtain recovery for her injuries.  The fact that one Defendant is or may be judgment proof does not relieve another Defendant from liability for damage that he or she caused, Id. at 587.

///

COMPLAINT FOR DAMAGES - 2

## FIRST CAUSE OF ACTION

### Personal Injury Based on Premises Liability against ALL DEFENDANTS

8.    Plaintiffs hereby re-allege and incorporate by reference herein, each and every preceding paragraph of this Complaint.

9.    At all times herein mentioned, defendant HARRAH'S and DOES 1-25 owned, maintained, controlled, possessed, managed, and operated the business premises, known as HARRAH'S RINCON CASINO & RESORT located at 777 Harrah's Rincon Way, Valley Center, CA 92082 where the incident occurred.

10.    At all times herein mentioned, defendants knew or were aware of sufficient facts to put defendants on inquiry that the above-described premises were for use by the public.

11.    On or about August 1, 2005, plaintiff MARISELA AYON was on the above-described premises as a business invitee and for the mutual benefit of herself and defendant HARRAH'S for the purpose of conducting business transactions and purchases.

12.    At this time and place, while plaintiff and her family were guests in Suite #567, defendants, and each of them, so negligently and carelessly operated, supervised, cared for, inspected, and maintained the premises, causing plaintiff MARISELA AYON to sustain a fall that fractured her hip, thereby causing substantial physical and emotional injury to Plaintiff.

13.    As a further proximate result of the negligence of defendants, and each of them, plaintiff was hurt and injured in her health, strength, and activity, sustaining injury in her body and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause plaintiff great mental, physical, and nervous pain and suffering. The full nature and extent of these injuries are not now known to plaintiff, and leave is requested to amend this complaint to conform to proof at the time of trial. Plaintiff is informed and believes and thereon alleges that such injuries will result in some permanent disability to her. As a result of such injuries, plaintiff has suffered general damages according to proof.

14.    As a further proximate result of the negligence of defendants, and each of them, plaintiff has incurred and will incur obligations and expenses for medical, hospital and other related medical and treatment expenses.

## SECOND CAUSE OF ACTION

**Personal Injury Based on Negligence—*Res Ipsa Loquitor* against**

**ALL DEFENDANTS**

15.    Plaintiffs hereby re-allege and incorporate by reference herein, each and every preceding paragraph of this complaint.

16.    At all times herein mentioned, HARRAH'S and DOES 1-25, owned, maintained, controlled, managed and operated the Casino and Resort Hotel located at 777 Harrah's Rincon Way, Valley Center, CA 92082, at which the incident occurred.

17.    On or about August 1, 2005 plaintiff MARISELA AYON went to the Harrah's Casino & Resort as an invitee to engage in the transaction of business.

18.    At the aforementioned time and place, Defendants, and each of them, so negligently maintained, managed, controlled, and operated the premises that plaintiff, MARISELA AYON, fell on slippery and wet tiles where defendants provided no matting to avoid such injuries on a surface that is inherently dangerous when placed in an improperly ventilated bathroom where water and moisture are assured to accumulate thereby creating an inherent danger solely within the control of defendants; provided complimentary slippers for guests that had no traction and/or rubber soles; and, violated California building and safety codes through the improper placement and/or non-existence of requisite ventilation in the area where plaintiff sustained her injuries, which caused plaintiff severe injuries.

19.    At this time and place, Defendant's had exclusive control and management of premises when Plaintiff MARISELA AYON fell, fracturing her right patella, which would not have occurred if Defendant's had exercised ordinary care in the maintenance and operation of the premises of their business. Because of Defendant's exclusive control and management of the

COMPLAINT FOR DAMAGES - 4

1  premises and the fact that plaintiff was not and could not be comparatively negligent for an

2  unseen and hidden danger that was solely created by defendants, defendants negligence speaks

3  for itself and is legally assumed through and by this Doctrine.

4      20.    Defendants are possessed of superior, if not exclusive access to information,

5  concerning the precise cause of the incident, and plaintiff MARISELA AYON relies on the

6  negligence of Defendant's as inferred from the general situation alleged in this Complaint as the

7  incident described herein is of a kind which ordinarily would not have occurred in the absence of

8  negligence and  was not due to any voluntary action or contribution on the part of the plaintiff.

9      21.    As a further proximate result of the negligence of Defendant's, and each of them,

10  Plaintiff MARISELA AYON has incurred, and will continue to incur, medical and related

11  expenses in an amount according to proof.

12  **THIRD CAUSE OF ACTION**

13  **Diminution, Impairment and Loss of Consortium against ALL DEFENDANTS**
**[Civ. Code §1714(a)]**

14

15      22.    Plaintiff JOSE R. AYON hereby re-alleges and incorporates by reference herein,

16  each and every preceding paragraph of this complaint.

17      23.    During all relevant times mentioned herein, plaintiffs MARISELA AYON and

18  JOSE R. AYON were married to one another.

19      24.    As alleged herein, defendants, and each of them, are liable in tort for the injury to

20  plaintiff MARISELA AYON.

21      25.    Prior to MARISELA AYON'S injuries, MARISELA was able to and did perform

22  her duties as a spouse.  Subsequent to the injuries and as approximate result thereof, plaintiff

23  MARISELA AYON was unable to perform the necessary duties as a spouse – both intimately

24  and in the duties usually performed by plaintiff MARISELA AYON in the care, maintenance

25  and management of the family and  home.  By reason thereof, plaintiff JOSE R. AYON has been

COMPLAINT FOR DAMAGES - 5

1  deprived of the care, love, support, companionship, affection, society, sexual relations and solace

2  of his plaintiff spouse all to plaintiff JOSE R. AYON'S damages.

3      WHEREFORE, plaintiff MARISELA AYON prays judgment against All Defendants

4  on COUNTS ONE and TWO as follows:

5      1. For general damages in a sum according to proof;

6      2. For special damages for medical and related expenses according to proof;

7      3. For loss of income and wages according to proof;

8      4. For costs of suit herein incurred; and

9      5. For such other and further relief as the court may deem proper.

10

11      WHEREFORE, plaintiff JOSE R. AYON prays judgment against the following

12  defendants on COUNTS THREE, as follows:

13      1.    Against all Defendants for compensatory and general damages for loss resulting

14  from humiliation, mental anguish, and emotional distress in a sum that exceeds the jurisdiction

15  requirements of this Superior Court;

16      2.    Against all Defendants for special damages according to proof;

17      3.    Against all Defendants for costs of suit incurred, and

18      4.    Against all Defendants for such other and further relief as the court may deem

19  proper.

20

21  DATED: 7/2/07

22

23                   LAW OFFICES OF JAMES E. GRISWOLD
                    & ASSOCIATES

24                   BY:

25                     James E. Griswold, Esq.
                      Attorney for Plaintiffs

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| The Law Offices of James E. Griswold & Associates<br>James E. Griswold, Esq.    SBN 207294<br>2510 North Grand Avenue, Suite 201, Santa Ana, CA 92705-8754<br>TELEPHONE NO.: 714.633.9500    FAX NO.: 714.633.3885<br>ATTORNEY FOR *(Name)*:  Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS:  325 South Melrose
MAILING ADDRESS:
CITY AND ZIP CODE:  Vista, CA  92801
BRANCH NAME:  North County Regional Center

CASE NAME:
Ayon, et al. adv. Harrah's, et al

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | 37-2007-00054281-CU-PO-NC |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[✓] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief    c. [ ] punitive

4. Number of causes of action *(specify)*: Three

5. This case [ ] is  [✓] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 2, 2007

James E. Griswold, Esq.
_____
(TYPE OR PRINT NAME)                              ▶              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.USCourtForms.com

—DO NOT FILE WITH THE COURT—
—UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585—

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Law Offices of JE Griswold & Associates<br>James E. Griswold   SBN 207294<br>2510 North Grand Avenue, Suite 201<br>Santa Ana, CA  92705-8754 | 714.633.9500 | |
| ATTORNEY FOR (Name): Plaintiffs | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 S. Melrose Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA 92081-6643
BRANCH NAME: North County Division

PLAINTIFF: Marisela Ayon, et al.
DEFENDANT: Harrah's Entertainment, Inc., et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>37-2007-00054281-CU-PO-NC |
|---|---|

To (name of one defendant only): Marisela Ayon

Plaintiff (name of one plaintiff only): Harrah's Operating Company, Inc.
seeks damages in the above-entitled action, as follows:

1. **General damages**                                                                                          AMOUNT

| | | |
|---|---|---|
| a. [X] Pain, suffering, and inconvenience | $ | 150,000 |
| b. [X] Emotional distress | $ | 150,000 |
| c. [ ] Loss of consortium | $ | |
| d. [ ] Loss of society and companionship (wrongful death actions only) | $ | |
| e. [ ] Other (specify) | $ | |
| f. [ ] Other (specify) | $ | |
| g. [ ] Continued on Attachment 1.g. | $ | |

2. **Special damages**

| | | |
|---|---|---|
| a. [X] Medical expenses (to date) | $ | 31,520 |
| b. [X] Future medical expenses (present value) | $ | 20,000 |
| c. [ ] Loss of earnings (to date) | $ | |
| d. [ ] Loss of future earning capacity (present value) | $ | |
| e. [ ] Property damage | $ | |
| f. [ ] Funeral expenses (wrongful death actions only) | $ | |
| g. [ ] Future contributions (present value) (wrongful death actions only) | $ | |
| h. [ ] Value of personal service, advice, or training (wrongful death actions only) | $ | |
| i. [ ] Other (specify) | $ | |
| j. [ ] Other (specify) | $ | |
| k. [ ] Continued on Attachment 2.k. | $ | |

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify) ... $
when pursuing a judgment in the suit filed against you.

Date: 11.16.07

.......... James E. Griswold, Esq. ..........          _____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted by Rule 982<br>Judicial Council of California<br>982(a)(24) [New January 1, 1997]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115;<br>JC Forms for HotDocs ™

—DO NOT FILE WITH THE COURT—
**—UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585—**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Law Offices of JE Griswold & Associates<br>James E. Griswold    SBN 207294<br>2510 North Grand Avenue, Suite 201<br>Santa Ana, CA  92705-8754 | 714.633.9500 | |
| ATTORNEY FOR (Name): Plaintiffs | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 S. Melrose Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA  92081-6643
BRANCH NAME: North County Division

PLAINTIFF: Marisela Ayon, et al.

DEFENDANT: Harrah's Entertainment, Inc., et al.

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

CASE NUMBER:
37-2007-00054281-CU-PO-NC

To (name of one defendant only): Jose Ayon

Plaintiff (name of one plaintiff only): Harrah's Operating Company, Inc.
seeks damages in the above-entitled action, as follows:

1. **General damages**

| | | | AMOUNT |
|---|---|---|---|
| a. ☐ Pain, suffering, and inconvenience ............................................ | $ | | |
| b. ☐ Emotional distress ...................................................... | $ | | |
| c. ☒ Loss of consortium ..................................................... | $ | | |
| d. ☐ Loss of society and companionship (wrongful death actions only) ........ | $ | | 50.000 |
| e. ☐ Other (specify) ........................................................ | $ | | |
| f. ☒ Other (specify) ........................................................ | $ | | |
| g. ☐ Continued on Attachment 1.g. | | | |

2. **Special damages**

| | | |
|---|---|---|
| a. ☐ Medical expenses (to date) ............................................. | $ | |
| b. ☐ Future medical expenses (present value) ................................ | $ | |
| c. ☐ Loss of earnings (to date) ............................................. | $ | |
| d. ☐ Loss of future earning capacity (present value) ........................ | $ | |
| e. ☐ Property damage ........................................................ | $ | |
| f. ☐ Funeral expenses (wrongful death actions only) ......................... | $ | |
| g. ☐ Future contributions (present value) (wrongful death actions only) ..... | $ | |
| h. ☐ Value of personal service, advice, or training (wrongful death actions only) .. | $ | |
| i. ☐ Other (specify) ........................................................ | $ | |
| j. ☐ Other (specify) ........................................................ | $ | |
| k. ☐ Continued on Attachment 2.k. | $ | |

3. ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify) ... $
when pursuing a judgment in the suit filed against you.

Date: 11.16.07

......... James E. Griswold, Esq. ............        _____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted by Rule 982<br>Judicial Council of California<br>982(a)(24) [New January 1, 1997]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115<br>JC Forms for UnlDues ™

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:     325 S. Melrose
MAILING ADDRESS:    325 S. Melrose
CITY AND ZIP CODE:  Vista, CA 92081
BRANCH NAME:        North County
TELEPHONE NUMBER:   (760) 806-6309

PLAINTIFF(S) / PETITIONER(S):    Marisela Ayon et.al.

DEFENDANT(S) / RESPONDENT(S):  Harrah's Entertainment, Inc. et.al.

AYON VS. HARRAH'S ENTERTAINMENT, INC.

| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2007-00054281-CU-PO-NC |
|---|---|

Judge: Michael B. Orfield                          Department: N-28

**COMPLAINT/PETITION FILED: 07/09/2007**

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                    **NOTICE OF CASE ASSIGNMENT**                    Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:     325 S. Melrose
MAILING ADDRESS:     325 S. Melrose
CITY AND ZIP CODE:     Vista, CA 92081
BRANCH NAME:     North County
TELEPHONE NUMBER:   (760) 806-6347

| PLAINTIFF(S) / PETITIONER(S):     Marisela Ayon et.al. |
| DEFENDANT(S) / RESPONDENT(S):   Harrah's Entertainment, Inc. et.al. |
| AYON VS. HARRAH'S ENTERTAINMENT, INC. |

| NOTICE OF HEARING | CASE NUMBER: |
| | 37-2007-00054281-CU-PO-NC |

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.  All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| OSC - Failure to File Certificate of Service | 11/02/2007 | 11:15 am | N-28 | Michael B. Orfield |

The hearing will be cancelled if BOTH of the following occur within 10 days of the hearing date:  1) File the above document; and 2) Stipulate to and pay a sanction in the amount of $50, payable to "San Diego Superior Court", WITH A COPY OF THIS NOTICE, in the IC department to which the case is assigned.  If you are unable to comply with one or both of the above requirements, appearance at the hearing is mandatory.  If more court time is required, additional sanctions may be imposed.

**NOH - NOTICE OF HEARING**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

North County
325 S. Melrose
Vista, CA 92081

| | |
|---|---|
| **SHORT TITLE:** Ayon vs. Harrah's Entertainment, Inc. | |

| | CASE NUMBER: |
|---|---|
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **37-2007-00054281-CU-PO-NC** |

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Vista, California, on 09/28/2007.

Clerk of the Court, by: _____, Deputy

JAMES E. GRISWOLD
2510 N GRAND AVE STE 201
SANTA ANA, CA 92705-8754

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**                                Page: 2

1   **LAW OFFICES OF JE GRISWOLD & ASSOCIATES**
    **JAMES E. GRISWOLD, SBN 207294**
2   2510 North Grand Avenue, Suite 201
    Santa Ana, California 92705-8754
3
    Telephone    714.633.9500
4   Facsimile    714.633.3885

5   Attorney for Plaintiffs

6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                   **FOR THE COUNTY OF SAN DIEGO**

9                   **NORTH COUNTY REGIONAL CENTER**

10

11  **MARISELA AYON, an individual,**              )   Case No.: 37-2007-00054281-CU-PO-NC
12  **JOSE R. AYON, an individual,**               )
                                                   )
13            **Plaintiffs,**                      )   **FIRST AMENDED COMPLAINT FOR**
                                                   )   **DAMAGES BASED ON PREMISES**
14            **V.**                               )   **LIABILITY; NEGLIGENCE--*RES IPSA***
                                                   )   ***LOQUITUR*; NEGLIGENCE PER SE;**
15  **HARRAH'S ENTERTAINMENT, INC., a**            )   **LOSS OF CONSORTIUM**
    **NEVADA corporation; HARRAH'S**               )
16  **RINCON RESORT & CASINO, INC., a**            )   **JURY TRIAL DEMANDED**
    **Corporation qualified to do business in**    )
17  **California; and, DOES 1 to 25, inclusive,**  )
                                                   )   **UNLIMITED CIVIL**
18            **Defendants.**                      )
                                                   )
19  ───────────────────────────────────────        )

20

21         Plaintiff MARISELA AYON sues defendants and alleges:

22         1.      Plaintiff MARISELA AYON, is, and at all times relevant hereto has been, a

23  resident of the State of California, County of San Diego.

24         2.      Plaintiff JOSE R. AYON, is, and at all times relevant hereto has been, a resident

25  of the State of California, County of San Diego.

                   FIRST AMENDED COMPLAINT FOR DAMAGES - 1

3.      Plaintiffs are informed and believe and thereupon allege, that Defendant HARRAH'S ENTERTAINMENT, INC. is, and at all times herein mentioned was, a corporation qualified to do business in the State of California.

4.      Plaintiffs are informed and believe and thereupon allege, that Defendant HARRAH'S RINCON RESORT & CASINO, INC. is, and at all times herein mentioned was, a corporation qualified to do business in the State of California.

5.      The true names and capacities of the Defendants named herein as DOES 1 through 25, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure Section 474. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "defendant," "defendants," or specifically named defendant refers also to all defendants sued under fictitious names. Plaintiffs will amend this complaint to show such true names and capacities when they have been determined.

6.      A substantial part of the events or omissions giving rise to the causes of action herein occurred in the city of Valley Center, State of California.

7.      Each Defendant is jointly and severally liable for the entire amount of Plaintiff's damages, see American Motorcycle Assn. V. Superior Court (1978) 20 Cal. 3d 578, 586-587. Each Defendant is personally liable for the damages sustained, and the Plaintiff may sue one or all of the Defendants to obtain recovery for her injuries. The fact that one Defendant is or may be judgment proof does not relieve another Defendant from liability for damage that he or she caused, *Id. at 587.*

///

///

FIRST AMENDED COMPLAINT FOR DAMAGES - 2

## FIRST CAUSE OF ACTION

### Personal Injury Based on Premises Liability against ALL DEFENDANTS

8.      Plaintiffs hereby re-allege and incorporate by reference herein, each and every preceding paragraph of this Complaint.

9.      At all times herein mentioned, defendant HARRAH'S and DOES 1-25 owned, maintained, controlled, possessed, managed, and operated the business premises, known as HARRAH'S RINCON CASINO & RESORT located at 777 Harrah's Rincon Way, Valley Center, CA 92082 where the incident occurred.

10.      At all times herein mentioned, defendants knew or were aware of sufficient facts to put defendants on inquiry that the above-described premises were for use by the public.

11.      On or about August 1, 2005, plaintiff MARISELA AYON was on the above-described premises as a business invitee and for the mutual benefit of herself and defendant HARRAH'S for the purpose of conducting business transactions and purchases.

12.      At this time and place, while plaintiff and her family were guests in Suite #567, defendants, and each of them, so negligently and carelessly operated, supervised, cared for, inspected, and maintained the premises, causing plaintiff MARISELA AYON to sustain a fall that fractured her hip, thereby causing substantial physical and emotional injury to Plaintiff.

13.      As a further proximate result of the negligence of defendants, and each of them, plaintiff was hurt and injured in her health, strength, and activity, sustaining injury in her body and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause plaintiff great mental, physical, and nervous pain and suffering. The full nature and extent of these injuries are not now known to plaintiff, and leave is requested to amend this complaint to conform to proof at the time of trial. Plaintiff is informed and believes and thereon alleges that such injuries will result in some permanent disability to her. As a result of such injuries, plaintiff has suffered general damages according to proof.

FIRST AMENDED COMPLAINT FOR DAMAGES - 3

14.    As a further proximate result of the negligence of defendants, and each of them, plaintiff has incurred and will incur obligations and expenses for medical, hospital and other related medical and treatment expenses.

## SECOND CAUSE OF ACTION

**Personal Injury Based on Negligence—*Res Ipsa Loquitor* against**

## ALL DEFENDANTS

15.    Plaintiffs hereby re-allege and incorporate by reference herein, each and every preceding paragraph of this complaint.

16.    At all times herein mentioned, HARRAH'S and DOES 1-25, owned, maintained, controlled, managed and operated and had exclusive control over the Casino and Resort Hotel located at 777 Harrah's Rincon Way, Valley Center, CA 92082, at which the incident occurred.

17.    On or about August 1, 2005 plaintiff MARISELA AYON went to the Harrah's Casino & Resort as an invitee to engage in the transaction of business.

18.    At the aforementioned time and place, Defendants, and each of them, so negligently maintained, managed, controlled, and operated the premises that plaintiff, MARISEL AYON, fell on slippery and wet tiles where defendants provided no matting to avoid such injuries on a surface that is inherently dangerous when placed in an improperly ventilated bathroom where water and moisture are assured to accumulate thereby creating an inherent danger solely within the control of defendants; provided complimentary slippers for guests that had no traction and/or rubber soles; and, violated California building and safety codes through the improper placement and/or non-existence of requisite ventilation in the area where plaintiff sustained her injuries, which caused plaintiff severe injuries.

19.    At this time and place, Defendant's had exclusive control and management of premises when Plaintiff MARISELA AYON fell, fracturing her right patella, which would not have occurred if Defendant's had exercised ordinary care in the maintenance and operation of the premises of their business.  Because of Defendant's exclusive control and management of the

FIRST AMENDED COMPLAINT FOR DAMAGES - 4

premises and the fact that plaintiff was not and could not be comparatively negligent for an unseen and hidden danger that was solely created by defendants, defendants negligence speaks for itself and is legally assumed through and by this Doctrine.

20.    Defendants are possessed of superior, if not exclusive access to information, concerning the precise cause of the incident, and plaintiff MARISELA AYON relies on the negligence of Defendant's as inferred from the general situation alleged in this Complaint as the incident described herein is of a kind which ordinarily would not have occurred in the absence of negligence and  was not due to any voluntary action or contribution on the part of the plaintiff.

21.    As a further proximate result of the negligence of Defendant's, and each of them, Plaintiff MARISELA AYON has incurred, and will continue to incur, medical and related expenses in an amount according to proof.

### THIRD CAUSE OF ACTION

### Negligence *Per Se* against ALL DEFENDANTS

22.    Plaintiffs hereby re-allege and incorporate by reference herein, each and every preceding paragraph of this complaint.

23.    At all times herein mentioned, HARRAH'S and DOES 1-25, owned, maintained, controlled, managed and operated and had exclusive control over the Casino and Resort Hotel located at 777 Harrah's Rincon Way, Valley Center, CA 92082, at which the incident occurred.

24.    On or about August 1, 2005 plaintiff MARISELA AYON went to the Harrah's Casino & Resort as an invitee to engage in the transaction of business as and for the benefit of Defendants.

25.    At the above time and place, plaintiff was of the class of persons to whom defendants owed a duty.

///

///

FIRST AMENDED COMPLAINT FOR DAMAGES - 5

26.    At the above time and place there were in effect statutes, ordinances and regulations concerning the requisite ventilation of the establishment in which Plaintiff was conducting business for the benefit of Defendants.

27.    At the above time and place Defendants were in violation of said statutes, ordinances, and regulations in that Plaintiff's injuries would not have occurred but for the above violation(s).

## FOURTH CAUSE OF ACTION

### Diminution, Impairment and Loss of Consortium against ALL DEFENDANTS
### [Civ. Code §1714(a)]

28.    Plaintiff JOSE R. AYON hereby re-alleges and incorporates by reference herein, each and every preceding paragraph of this complaint.

29.    During all relevant times mentioned herein, plaintiffs MARISELA AYON and JOSE R. AYON were married to one another.

30.    As alleged herein, defendants, and each of them, are liable in tort for the injury to plaintiff MARISELA AYON.

31.    Prior to MARISELA AYON'S injuries, MARISELA was able to and did perform her duties as a spouse. Subsequent to the injuries and as approximate result thereof, plaintiff MARISELA AYON was unable to perform the necessary duties as a spouse – both intimately and in the duties usually performed by plaintiff MARISELA AYON in the care, maintenance and management of the family and home. By reason thereof, plaintiff JOSE R. AYON has been deprived of the care, love, support, companionship, affection, society, sexual relations and solace of his plaintiff spouse all to plaintiff JOSE R. AYON'S damages.

///

///

///

FIRST AMENDED COMPLAINT FOR DAMAGES - 6

WHEREFORE, plaintiff MARISELA AYON prays judgment against All Defendants on COUNTS ONE, TWO and THREE as follows:

1. For general damages in a sum according to proof;

2. For special damages for medical and related expenses according to proof;

3. For loss of income and wages according to proof;

4. For costs of suit herein incurred; and

5. For such other and further relief as the court may deem proper.

WHEREFORE, plaintiff JOSE R. AYON prays judgment against the following defendants on COUNTS FOUR, as follows:

1.    Against all Defendants for compensatory and general damages for loss resulting from humiliation, mental anguish, and emotional distress in a sum that exceeds the jurisdiction requirements of this Superior Court;

2.    Against all Defendants for special damages according to proof;

3.    Against all Defendants for costs of suit incurred, and

4.    Against all Defendants for such other and further relief as the court may deem proper.

DATED: 10.10.07

LAW OFFICES OF JAMES E. GRISWOLD & ASSOCIATES

BY: _____
James E. Griswold, Esq.
Attorney for Plaintiffs

FIRST AMENDED COMPLAINT FOR DAMAGES - 7

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:
Law Offices of JE Griswold & Associates
James E. Griswold    SBN 207294
2510 North Grand Avenue, Suite 201, Santa Ana, CA 92705

TELEPHONE NO.: 714.633.9500    FAX NO.: 714.633.3885
ATTORNEY FOR *(Name)*:    Plaintiffs

FOR COURT USE ONLY

2007 OCT 31  PM 3: 21

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☑ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

PLAINTIFF(S)
  Marisela Ayon, et al.

DEFENDANT(S)
  Harrah's Entertainment, Inc., et al.

JUDGE: Michael B. Orfield

DEPT: N-28

**AMENDMENT TO COMPLAINT**
**(CCP 473, 474)**

CASE NUMBER
37-2007-00054281-CU-PO-NC

Under Section 474, Code of Civil Procedure:
FICTITIOUS NAME (Court order required once case is at issue. San Diego Superior Court Rules, Division II, rule 2.10)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated said defendant in the complaint by the fictitious name of

DOE 1

and having discovered the true name of the said defendant to be

Harrah's Operating Company Company, Inc., a Delaware Corporation

amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

Date: 10.30.07

_____
Attorney(s) for Plaintiff(s)

Under Section 473, Code of Civil Procedure:
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated a ☐ defendant ☐ plaintiff in the complaint by the name of

_____

and having discovered ☐ said name to be incorrect and the correct name is ☐ defendant also uses the name of

_____

amends the complaint by ☐ substituting ☐ adding such name(s) wherever the name of

_____

appears in said complaint.

Date: _____

_____
Attorney(s) for Plaintiff(s)

**ORDER**
The above amendment to the complaint is allowed.

Date: _____

_____
Judge of the Superior Court

SDSC CIV-12(Rev. 10-02)        **AMENDMENT TO COMPLAINT**