1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:  (619) 232-4261
5  FACSIMILE:   (619) 232-4840

6  Attorneys for *Specially Appearing* Defendants HARRAH'S ENTERTAINMENT, INC.,
   HARRAH'S OPERATING COMPANY, INC. and HARRAH'S RINCON RESORT & CASINO,
7  INC.

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11 | MARISELA AYON, an individual, JOSE R. | CASE NO. 07-CV-2430 IEG POR
   | AYON, an individual, |
12 |                                        | Action Date:    July 9, 2007
   |              Plaintiffs,               | Judge:          Hon. Irma E. Gonzalez
13 |                                        | Mag. Judge:     Hon. Louisa S. Porter
   | vs.                                    |
14 |                                        | MEMORANDUM OF POINTS AND
   | HARRAH'S ENTERTAINMENT, INC., a        | AUTHORITIES IN SUPPORT OF
15 | Delaware corporation; HARRAH'S         | *SPECIALLY APPEARING* DEFENDANTS'
   | OPERATING COMPANY, INC., a Delaware    | MOTION TO DISMISS PURSUANT TO
16 | corporation; HARRAH'S RINCON RESORT    | F.R.CIV.P. RULE 12(b) (1), (2), (6) AND (7)
   | & CASINO, INC., a corporation qualified to |
17 | do business in California; and DOES 1 to 25, | ACCOMPANYING DOCUMENTS:
   | inclusive,                             | NOTICE OF MOTION; DECLARATION OF
18 |                                        | MARIA C. ROBERTS; DECLARATION OF
   |              Defendant.                | MICHAEL E. KOSTRINSKY; NOTICE OF
19 |                                        | LODGMENT OF EXHIBITS; [PROPOSED]
   |                                        | ORDER
20 |                                        |
   |                                        | Date:      February 4, 2008
21 |                                        | Time:      10:30 a.m.
   |                                        | Courtroom: 1
22

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION...................................................................................................... 1

II.   PERTINENT FACTS................................................................................................. 2

III.  ARGUMENT ............................................................................................................ 4

    A.   This Court Does Not Have Subject Matter Jurisdiction Over This Case
       Since The AYONS Have Failed To Exhaust Their Tribal Remedies. ...................... 4

       1.   Indian Tribes Retain Inherent Civil Jurisdiction Over The Conduct
          of Non-Indians Within Their Reservation Unless Congress
          Expressly Divests Them Of Such Jurisdiction. ............................................. 4

       2.   The Determination Of Jurisdiction In This Dispute Must Be Made In
          The First Instance By The Tribe. ................................................................. 6

       3.   The Tribe's Patron Tort Claims Ordinance Controls The AYONS'
          Claims.......................................................................................................... 8

    B.   This Court Cannot Exercise Personal Jurisdiction Over *Specially Appearing*
       Defendants Harrah's Rincon Resort & Casino, Harrah's Entertainment, Inc.
       Or Harrah's Operating Company, Inc........................................................................ 9

       1.   *Specially Appearing* Defendant Harrah's Rincon Resort & Casino,
          Inc. Is A Non-Legal Entity Which May Not Be Subjected To The
          Court's Personal Jurisdiction. .................................................................... 11

       2.   *Specially Appearing* Defendants Harrah's Entertainment, Inc. And
          Harrah's Operating Company, Inc. Lack Sufficient Contacts With
          California Under Either A Theory Of General Or Specific
          Jurisdiction. ............................................................................................... 12

          (a)   *Specially Appearing* Defendants Harrah's Entertainment, Inc.
              And Harrah's Operating Company, Inc. Are Foreign
              Corporations That Lack Continuous And Systematic
              Contacts With California................................................................. 12

          (b)   *Specially Appearing* Defendants Harrah's Entertainment, Inc.
              And Harrah's Operating Company, Inc. Are Not Subject To
              The Specific Personal Jurisdiction Of This Court............................ 12

    C.   This Court Should Dismiss AYON's Claims For Failure To Join An
       Indispensable Party Pursuant To Federal Rule of Civil Procedure 12(b)(7)........... 15

       1.   The Tribe Is A Necessary Party. ................................................................ 15

2.    The Tribe Is An Indispensable Party. .......................................................... 16

D.    The AYONS Failed To State A Claim Upon Which Relief Can Be Granted. ......... 17

IV.    CONCLUSION ............................................................................................................ 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-ii-

1

## **<u>TABLE OF AUTHORITIES</u>**

2

**<u>Page</u>**

3

<u>CASES</u>

4

*Aanestad v. Beech Aircraft Corp.*

5     521 F.2d 1298 (9th Cir. 1974)...........................................................................................9

6 *Allen v. Gold Country Casino*
    464 F.3d 1044 (9th Cir. 2006)......................................................................................7

7

*American Greyhound Racing v. Hull,*

8     305 F.3d 1015 (9th Cir. 2002)..............................................................................15, 16

9 *Balard v. Bassman Event Security, Inc.*
    210 Cal.App.3d 243 (1989)........................................................................................18

10

*Beliveau v. Caras*

11     873 F.Supp. 1393 (C.D.Cal. 1995)............................................................................17

12 *Brooks v. Eugene Burger Management Corporation*
    215 Cal.App.3d 1611 (1989)......................................................................................13

13

*Burger King v. Rudzewciz*

14     471 U.S. 462 (1985) ......................................................................................9, 10, 14

15 *Burnham v. Superior Court of California*
    495 U.S. 604 (1990) ..................................................................................................10

16

*Calder v. Jones*

17     465 U.S. 783 (1984) ..................................................................................................14

18 *Clinton v. Babbitt*
    180 F.3d 1081 (9th Cir. 1999)....................................................................................15

19

*Core-Vent Corp. v.Nobel Industries, AB*

20     11 F.3d 1482 (9th Cir. 1993)......................................................................................10

21 *Data Disc, Inc. v. Systems Technology Assocs.*
    557 F.2d 1280 (9th Cir. 1977)....................................................................................10

22

*Doe v. American National Red Cross*

23     112 F.3d 1048 (9th Cir. 1997)....................................................................................10

24 *Fisher v. District Court*
    424 U.S. 382 (1976) ....................................................................................................5

25

*Haddock v. Board of Dental Examiners of California*

26     777 F.2d 462 (9th Cir. 1985)......................................................................................17

27 *Harris v. Joffe*
    28 Cal.2d 418 (1946)..................................................................................................13

28

*Helicopteros Nacionales de Columbia v. Hall*
    466 U.S. 408 (1984) ............................................................................................ passim

*Hunt v. Erie Ins. Group*
    728 F.2d 1244 (9th Cir. 1984) ....................................................................................... 10

*In re Delorean Motor Co.*
    991 F.2d 1236 (6th Cir. 1993) ....................................................................................... 17

*International Shoe v. Washington*
    326 U.S. 310 (1945) ................................................................................................... 9, 10

*Iowa Mutual Ins. Co. v. LaPlante*
    480 U.S. 9 (1987) ......................................................................................................... 4, 5

*Isaacs v. Huntington Memorial Hospital*
    38 Cal.3d 112 (1985) ....................................................................................................... 18

*Kaul v. Wahquahboshkuk*
    838 F.Supp. 515 (D.Kan. 1993) ....................................................................................... 7

*Kaul v. Wahquhboshkuk*
    838 F.Supp. 515 (D.Kan. 1993) .................................................................................... 5, 7

*Keeton v. Hustler Magazine, Inc.*
    465 U.S. 770 (1984) ................................................................................... 10, 11, 13, 14

*Khan v. Superior Court*
    204 Cal.App.3d 1168 (1988) ........................................................................................... 11

*Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*
    523 U.S. 751 (1998) ......................................................................................................... 16

*Kokkenen v. Guardian Life Ins. Co. of America*
    511 U.S. 375 (1994) ........................................................................................................... 4

*Kulko v. Superior Court of California,*
    436 U.S. 84 (1978) ........................................................................................................... 11

*Lucero v. Lujan*
    788 F.Supp. 1180 (D.N.M. 1991) ................................................................................... 17

*Merrion v. Jicarilla Apache Tribe*
    455 U.S. 130 (1982) ........................................................................................................... 4

*Montana v. U.S.*
    450 U.S. 544 (1981) ....................................................................................................... 4, 5

*Montana v. United States*
    450 U.S. 544 (1981) ........................................................................................................... 5

*National Farmers Union Ins. Cos. v. Crow Tribe*
    471 U.S. 845 (1985) .................................................................................................. 5, 6, 7

S0078891

*Perkins v. Benguet Mining Co.*
   342 U.S. 437 (1952) ............................................................................................. 9

*Roberts v. Corrothers*
   812 F.2d 1173 (9th Cir. 1987)............................................................................. 4

*Santa Clara Pueblo v. Martinez*
   436 U.S. 49 (1978) ......................................................................................... 4, 5

*Sharber v. Spirit Mountain Gaming, Inc.*
   343 F.3d 974 (9th Cir. 2003)............................................................................... 6

*Sibley v. Superior Court*
   16 Cal.3d 442 (1976).......................................................................................... 11

*Stock West Corp v. Taylor*
   964 F.2d 912 (9th Cir. 1992)............................................................................... 6

*Stock West Inc. v. Confederated Tribes*
   873 F2d 1221 (9th Cir. 1989) ............................................................................ 4

*Texaco, Inc. v. Peterson Zah*
   5 F.3d 1374 (10th Cir. 1993).............................................................................. 5

*Three Affiliated Tribes v. Wold Engineering*
   476 U.S. 877 (1986) .......................................................................................... 4

*United States v. Mazurie*
   419 U.S. 544 (1975) .......................................................................................... 5

*United States v. Plainbull*
   957 F.2d 724 (9 th Cir. 1992)............................................................................. 6

*United States v. White*
   893 F.Supp. 1423 (C.D.Cal. 1995)..................................................................... 17

*Vons Companies, Inc. v. Seabest Foods, Inc.*
   14 Cal.4th 434 (1996)..................................................................................... 9, 11

*Washington v. Confederated Tribes of Colville Indian Reservation*
   447 U.S. 134 (1980) .......................................................................................... 5

*White Mountain Apache Tribe v. Bracker*
   448 U.S. 136 (1980) .......................................................................................... 4

*Williams v. Lee*
   358 U.S. 217 (1959) .......................................................................................... 4

## STATUTES

18 United States Code section 1166-168 ............................................................ 16

25 United States Code section 2701...................................................................... 16

25 *United States Code section* 2702(1) ................................................................ 3

25 *United States Code section* 2710(d)(1) .......................................................... 3

28 *United States Code section* 1332(a) ............................................................... 3

*California Code of Civil Procedure section* 410.10 ........................................... 9

Federal Rule of Civil Procedure 19(2)(ii) ......................................................... 15

Federal Rule of Civil Procedure 19(a)(1) .......................................................... 15

Indian Gaming Regulatory Act ............................................................... 3, 12, 16

Tribal-State Gaming Compact ................................................................ 3, 13, 16

RULES

Federal Rule of Civil Procedure 12(b)(2) ................................................ 9, 11, 14

Federal Rule of Civil Procedure 12(b)(6) ..................................................... 17, 18

Federal Rule of Civil Procedure 12(b)(7) .......................................................... 15

Federal Rule of Civil Procedure 19(a) ............................................................... 15

Federal Rule of Civil Procedure 19(a)(1)(A),(B) ............................................... 15

OTHER AUTHORITIES

Patron Tort Claims Ordinance.............................................................. 8, 17

# I.

## **INTRODUCTION**

Plaintiffs JOSE R. AYON and MARISELA AYON ("AYONS") have sued *Specially Appearing* Defendants Harrah's Rincon Resort & Casino, Inc. (a non-legal entity), Harrah's Entertainment, Inc. and Harrah's Operating Company, Inc., alleging causes of action based on premises liability, negligence *per se*, *res ipsa loquitur*, and loss of consortium. The AYONS contend that while staying at the casino known as Harrah's Rincon Casino & Resort ("the Casino") on August 1, 2005, Ms. AYON sustained physical and emotional injury as a result of slipping and falling on a slippery tile floor. The Casino is located on the Rincon Indian Reservation ("the Reservation") and is owned, controlled, and operated by the Rincon San Luiseno Band of Mission Indians ("the Tribe"). The AYONS have not submitted any claim to the Tribe or its Tribal Council and they have not named the Tribe as a party to this lawsuit.

*Specially Appearing* Defendants seek an order dismissing the AYONS' complaint on four grounds. First, the AYONS have filed no claim with the Tribe and, thus, have failed to exhaust their tribal remedies. As a result, this Court lacks subject matter jurisdiction over their claims which must be brought before the Tribe based on both the doctrine of sovereign immunity and the Tribal-State Gaming Compact. Second, this Court lacks personal jurisdiction over *Specially Appearing* Defendant Harrah's Rincon Resort & Casino, Inc. as there is no such legal entity, or over *Specially Appearing* Defendants Harrah's Entertainment, Inc. and Harrah's Operating Company, Inc. - which are foreign corporations with insufficient contacts with California to provide any basis for personal jurisdiction. Third, this action should be dismissed, because the Tribe is a necessary and indispensable party which the AYONS did not and cannot bring into this action because of the Tribe's sovereign immunity. Finally, the AYONS' complaint fails to state a claim for which relief may be granted.

/ / /

/ / /

/ / /

## II.

## PERTINENT FACTS

The AYONS filed this action for injuries allegedly suffered while at "Harrah's Rincon Resort & Casino,"[1] alleging, on or about August 1, 2005, AYON was on the premises of Harrah's Rincon Resort & Casino as a business invitee for the purpose of conducting business transactions and purchases. (Exh. 1, p. 3:12-14.) Ms. AYON claims she "fell on slippery and wet tiles where defendants provided no matting to avoid such injuries on a surface that is inherently dangerous when placed in an improperly ventilated bathroom where water and moisture are assured to accumulate thereby creating an inherent danger." (Exh. 1, p. 4:16-19.) Ms. AYON further alleges *Specially Appearing* Defendants "provided complimentary slippers for guests that had no traction and/or rubber soles," and that *Specially Appearing* Defendants "violated California building and safety codes through the improper placement and/or non-existence of requisite ventilation in the area where plaintiff sustained her injuries." (Exh. 1, p. 4:19-22.)

The AYONS claim *Specially Appearing* Defendants "so negligently and carelessly operated, supervised, cared for, inspected, and maintained the premises, . . . thereby causing [her] substantial physical and emotional injury." (Exh. 1, p. 3:16-18.) They also allege that: "[s]ubsequent to the injuries and as [*sic*] approximate result thereof, plaintiff MARISELA AYON was unable to perform the necessary duties as a spouse – both intimately and in the duties usually performed by plaintiff MARISELA AYON in the care, maintenance and management of the family and home." (Exh. 1, p. 6:17-20.)

The Casino is located on the reservation of the Rincon San Luiseno Band of Mission Indians, a federally-recognized sovereign Indian Tribe. (Kostrinsky Decl., ¶2.) The Casino is owned, controlled, and its operations are managed by the Tribe pursuant to the Indian Gaming

---

[1]    Although named as a party to this action, Harrah's Rincon Resort & Casino, Inc. is not a legal entity. (Kostrinsky Decl., ¶ 2.)

1    Regulatory Act ("IGRA"), as well as the Tribal-State Gaming Compact (the "Compact") between

2    the Tribe and the State of California.  (Kostrinsky Decl., ¶ 2; Exh. 2.)

3

4         The Casino's creation was dependent upon government approval at numerous levels in

5    order that it be assured that gaming activities would be permitted only under the auspices of the

6    Tribe.  The IGRA required the Tribe to authorize the Casino through a tribal ordinance and an

7    interstate gaming compact.  (25 U.S.C. § 2710(d)(1).)  The Tribe and California entered into such

8    a compact "on a government-to-government basis."  These extraordinary steps were necessary

9    because the Casino is not a mere revenue-producing tribal business.  Rather, pursuant to the

10   IGRA, the creation and operation of Indian casinos is designed to promote "tribal economic

11   development, self-sufficiency, and strong tribal governments."  (25 U.S.C. § 2702(1).)

12

13        As reflected in the Compact that created the Casino, the Casino was established to "enable

14   the Tribe to develop self-sufficiency, promote tribal economic development, and generate jobs and

15   revenues to support the Tribe's government and governmental services and programs."  (*See*, Exh.

16   2.)  The Tribe maintains ultimate authority and control over all operations and decisions

17   concerning the business, maintenance, and management of the Casino and the entire Rincon

18   Reservation.  (Kostrinsky Decl., ¶ 6.)  The day-to-day management of the Casino is accomplished

19   through a federally-approved Management Agreement, to which *Specially Appearing* Defendants

20   are not a party.  (Kostrinsky Decl., ¶ 6.)  To this date, AYON has not initiated any claim with the

21   Tribe.  (Kostrinsky Decl., ¶ 7.)

22

23        On July 9, 2007, the AYONS filed this lawsuit in San Diego County Superior Court

24   against *Specially Appearing* Defendants Harrah's Rincon Resort & Casino, Inc. and Harrah's

25   Entertainment, Inc.  *Specially Appearing* Defendant Harrah's Operating Company, Inc. was added

26   as a named defendant by a later amendment.  On December 28, 2007, *Specially Appearing*

27   Defendants removed the action to the United States District Court, Southern District of California

28   based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### III.

### ARGUMENT

**A.    This Court Does Not Have Subject Matter Jurisdiction Over This Case Since The AYONS Have Failed To Exhaust Their Tribal Remedies.**

A defendant may seek dismissal of an action for lack of subject matter jurisdiction. (F.R.Civ.P. Rule 12(b)(1).)  In considering a motion to dismiss under Rule 12(b)(1), courts are not limited to the facts pled in the complaint, but can and should weigh evidence and determine facts in order to satisfy itself as to its power to hear the case. (*Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir. 1987).)  And, it is the plaintiff who bears the burden of establishing subject matter jurisdiction. (*Kokkenen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).)

**1.    Indian Tribes Retain Inherent Civil Jurisdiction Over The Conduct of Non-Indians Within Their Reservation Unless Congress Expressly Divests Them Of Such Jurisdiction.**

The Supreme Court consistently guards the authority of Indian governments over their reservations. (*See, Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. 9, 14 (1987) ("We have repeatedly recognized the Federal Government's longstanding policy of encouraging tribal self-government."); *Three Affiliated Tribes v. Wold Engineering*, 476 U.S. 877, 890 (1986); *Merrion v. Jicarilla Apache Tribe*, 455 U.S. 130, 138, n. 5 (1982); *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 143-144 (1980); *Williams v. Lee*, 358 U.S. 217 (1959).)  Indian tribes remain a separate people with power to regulate internal and social relations. (*Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 54 (1978).)  This includes claims and transactions involving the reservation, as well as non-Indians. (*Williams, 358* U.S. at 223.)  In *Montana v. United States, 450* U.S. 544 (1981), the Supreme Court expounded on the *Williams* decision, holding that a Tribe retains civil authority over the conduct of non-Indians within its reservation which involve: 1) activities of nonmembers who enter consensual relationships with the tribe or its members; or 2) activities or conduct that threatens or has some direct effect on the political integrity, economic security, or the health and welfare of the tribe. (*Montana v. United States*, 450 U.S. 544, 565-566

1    (1981).)  The Supreme Court has further stated, "[t]his policy reflects the fact that Indian tribes

2    retain 'attributes of sovereignty over both their members and their territory.'" (*Iowa Mutual*, 480

3    U.S. at 14, *citing*, *United States v. Mazurie*, 419 U.S. 544, 557 (1975).)

4

5         When a state or federal court's exercise of jurisdiction over Indians or activities on Indian

6    lands would interfere with tribal sovereignty and self-government, the state or federal court is

7    generally divested of jurisdiction.  (*National Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S.

8    845 (1985).)  This rule, which has come to be known as the "tribal exhaustion rule," applies in

9    federal court regardless of whether federal court jurisdiction is predicated on diversity or federal

10   question.  (*Iowa Mutual*, 480 U.S. at 16.)

11         [T]he federal policy supporting tribal self-government directs a federal court to stay
         its hand in order to give the tribal court a "full opportunity to determine its own
12       jurisdiction."  In diversity cases, as well as federal-question cases, unconditional
         access to the federal forum would place it in direct competition with the tribal
13       courts, thereby impairing the latter's authority over reservation affairs.

14   (*Id.,* ("Adjudication of such matters by any nontribal court also infringes upon tribal lawmaking

15   authority, because tribal courts are best qualified to interpret and apply tribal law."), *citing*, *Santa*

16   *Clara Pueblo,* 436 U.S. at 59.)

17

18         "Tribal authority over the activities of non-Indians on reservation lands is an important part

19   of tribal sovereignty." (*Iowa Mutual*, 480 U.S. at 18; *see also, Montana,* 450 U.S. at 565-566;

20   *Washington v. Confederated Tribes of Colville Indian Reservation*, 447 U.S. 134, 152-153 (1980);

21   *Fisher v. District Court*, 424 U.S. 382, 387-389 (1976).)  Unless affirmatively limited by a

22   specific treaty provision or federal statute, jurisdiction over civil matters presumptively lies with

23   the Tribe.  (*Iowa Mutual, id.*)  In fact, federal courts have stated that "[t]he policies behind federal-

24   tribal comity 'almost always dictate' exhaustion of tribal remedies when the activities at issue

25   occur on the reservation." (*Kaul v. Wahquhboshkuk*, 838 F.Supp. 515, 517 (D.Kan. 1993), *citing*,

26   *Texaco, Inc. v. Peterson Zah*, 5 F.3d 1374 (10th Cir. 1993).)  The tribal exhaustion rule has been

27   "characterized . . . as 'an inflexible bar to consideration of the merits of the petition by the federal

28   court.'" (*Kaul*, 838 F.Supp. at 517.)  Further, the absence of any currently ongoing litigation over

1  the same matter in tribal courts does not defeat the tribal exhaustion requirement. (*Sharber v.*

2  *Spirit Mountain Gaming, Inc.*, 343 F.3d 974, 976 (9th Cir. 2003), *citing, United States v.*

3  *Plainbull*, 957 F.2d 724, 728 (9th Cir. 1992) ("Whether a tribal action is pending . . . does not

4  determine whether abstention is appropriate. . . . We held that abstention . . . was required even in

5  the absence of a pending tribal court action.").)

6

7       In this case, the AYONS, patrons of the Casino, are non-Indians who engaged in a

8  consensual relationship with the Tribe on the Reservation by voluntarily going to the Casino.

9  Harrah's Rincon Casino & Resort is located on the reservation of the Rincon San Luiseno Band of

10  Mission Indians, which is a federally recognized sovereign Indian tribe. (Kostrinsky Decl., ¶ 2.)

11  The Casino is owned and operated by the Tribe under the Indian Gaming Regulatory Act, as well

12  as the Tribal-State Gaming Compact between the Tribe and the State of California. (Kostrinsky

13  Decl., ¶ 2; Exh. 2.) Accordingly, the AYONS now claim injuries resulting from their consensual

14  relationship with the Tribe related to an occurrence at the Casino which is located on the Tribe's

15  land and which is owned and operated by the Tribe. Thus, the AYONS' claims necessarily affect

16  the political integrity, economic security, and health and welfare of the Tribe.[2] As a consequence,

17  this Court lacks subject matter jurisdiction over this matter and it should be dismissed.

18

19      **2.**    **The Determination Of Jurisdiction In This Dispute Must Be Made In The**

20          **First Instance By The Tribe.**

21       The determination of whether a tribe has jurisdiction over non-Indians in civil cases must

22  be made in the first instance by the tribe itself. (*National Farmers Union*, 471 U.S. at 856; *Stock*

23  *West Corp v. Taylor*, 964 F.2d 912, 919 (9th Cir. 1992).) Therefore, this Court must properly

24  dismiss the AYONS' case so that the claims may be properly brought before the Tribe. (*See, Allen*

25  ——————————————

26  [2]   Although the AYONS did not sue the Tribe, which owns and operates the Casino, the Tribe will necessarily be economically affected by any claim for damages arising from an injury or occurrence at the Casino. At a minimum,

27  this is because any party found liable for the AYONS' claims could seek indemnification or contribution from the Tribe as owners of the Casino.

28

1    *v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming the district court's

2    judgment dismissing plaintiff's claims against the Tribe and Casino on the ground of sovereign

3    immunity); *Kaul,* 838 F.Supp. at 515.)

4

5         Case law recognizes Congress' commitment to a policy of supporting tribal self-

6    government and self-determinations. (*National Farmers Union Ins.*, 471 U.S. at 856.)  This policy

7    favors a rule that will provide the forum whose jurisdiction is being challenged the first

8    opportunity to evaluate the factual and legal basis for the challenge.  (*Id.*)  Therefore, the Tribe

9    should have its opportunity to determine its own jurisdiction.  (*Id.*)  Where there is a question of

10    jurisdiction, no court should exercise jurisdiction until the parties have exhausted their tribal

11    remedies.  (*Kaul*, 838 F. Supp. at 516.)  This rule -- known as the rule of "tribal exhaustion" --

12    encourages tribal self-government by requiring that non-Indian litigants pursue their claims before

13    the tribe.  (*Id.*)  Exhaustion of tribal remedies also encourages the tribe to explain to the parties the

14    precise basis for accepting jurisdiction, and provides other courts with the benefit of their expertise

15    in such matters in the event of further judicial review.  (*National Farmers Union Ins.*, 471 U.S. at

16    856.)

17

18         In *Kaul*, the determination of whether tribes have jurisdiction over non-Indians doing

19    business on a reservation in a civil case was required to be made in the first instance in the tribe

20    itself.  (*Kaul*, 838 F. Supp. at 517.)  The court in *Kaul* noted that a plaintiff "is not able to escape

21    the exhaustion doctrine by sitting on her tribal remedies."  (*Id.*)  The District Court proceeded to

22    dismiss the plaintiff's claim for lack of subject matter jurisdiction, stating: "the better course is to

23    dismiss the plaintiff's suit so that she can pursue her tribal remedies."  (*Id.* at 518.)  Likewise, this

24    Court should dismiss the AYONS' complaint so the issue of jurisdiction may be properly decided

25    within the Rincon San Luiseno Band of Mission Indians Tribe.

26    / / /

27    / / /

28    / / /

**3.    The Tribe's Patron Tort Claims Ordinance Controls The AYONS' Claims.**

In the present case, there are tribal remedies in place which have not been exhausted by the AYONS prior to bringing the instant action.  The Tribal-State Gaming Compact between the Tribe and the State of California required that prior to the commencement of gaming activities, the Tribe was to carry no less than five million dollars ($5,000,000) in public liability insurance for patron claims, and was to adopt and make available to patrons a tort liability ordinance setting forth terms and conditions under which the Tribe waives immunity to suit for money damages resulting from intentional or negligent injuries to persons or property at the gaming facility or in connection with the Tribe's gaming operation, including procedures for processing any claims for such money damages.  (Exh. 2, p. 31.)

The Tribe has in place an ordinance known as the Patron Tort Claims Ordinance, which provides a limited waiver of the Tribe's sovereign immunity to suit for money damages resulting from injuries to patrons or property at the Casino, but only in the forum adopted in the ordinance. (Exh. 3, p. 1.)

It is the clear and express federal policy to require exhaustion of tribal remedies when the events at issue occur on the reservation.  Harrah's Rincon Casino & Resort, at which the events giving rise to the AYONS' claims occurred, is located on the Reservation of the Rincon San Luiseno Band of Mission Indians.  (Exh. 1; Kostrinsky Decl., ¶ 2.)  Further, the Tribe has waived its sovereign immunity for allegedly negligent conduct and has in place a mechanism for dealing with such claims.  (Exhs. 2, 3.)  At the present time, the AYONS have not yet filed a proper claim pursuant to the Patron Tort Claims Ordinance and therefore have not exhausted their tribal remedies.  Accordingly, this Court lacks subject matter jurisdiction over the present claims and should dismiss the case for failure to exhaust tribal remedies.

/ / /

/ / /

/ / /

1    **B.    This Court Cannot Exercise Personal Jurisdiction Over *Specially Appearing***
        **Defendants Harrah's Rincon Resort & Casino, Harrah's Entertainment, Inc. Or**
2       **Harrah's Operating Company, Inc.**

3        A party may assert by way of motion, the defense that the court lacks personal jurisdiction

4    over the party. (F.R.Civ.P. Rule 12(b)(2).) The United States Supreme Court has clearly stated

5    that each individual has a liberty interest in not being subject to the judgments of a forum with

6    which he or she has established no meaningful minimum "contacts, ties or relations." (*Burger*

7    *King v. Rudzewciz*, 471 U.S. 462, 472-473 (1985), *quoting, International Shoe v. Washington*, 326

8    U.S. 310, 319 (1945).) As a matter of fairness, a defendant should not be "hailed into a

9    jurisdiction solely as the result of 'random,' 'fortuitous,' or 'attenuated' contacts." (*Burger King*,

10   471 U.S. at 475.)

11

12       The first step in determining whether a court can exercise personal jurisdiction over a

13   defendant sued in federal court, is the long arm statute in effect in the state in which the district

14   court is located. (*Aanestad v. Beech Aircraft Corp.*, 521 F.2d 1298, 1300 (9th Cir. 1974).)

15   California's long arm statute provides that state courts and local federal district courts may

16   exercise jurisdiction "on any basis not inconsistent with the Constitution of this state or of the

17   United States." (Cal. Code of Civil Procedure §410.10.) Pursuant to the constitutional

18   requirement of due process, a non-resident defendant can only be subject to personal jurisdiction

19   in a foreign forum, where the defendant has such minimum contacts with the state that the

20   assertion of jurisdiction does not violate "traditional notions of fair play and substantial justice."

21   (*Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 444-445 (1996), *quoting,*

22   *International Shoe Co.*, 326 U.S. at 316.)

23

24       The exercise of personal jurisdiction can be based on either general or specific personal

25   jurisdiction. A nonresident defendant may be subject to the general personal jurisdiction of the

26   forum if his or her contacts in the forum state are "substantial . . . continuous and systematic."

27   (*Perkins v. Benguet Mining Co.*, 342 U.S. 437, 445 (1952); *see also, Helicopteros Nacionales de*

28   *Columbia v. Hall*, 466 U.S. 408, 414 (1984).) However, if the nonresident defendant does not

1  have substantial and systematic contacts in the forum sufficient to establish general jurisdiction,

2  the defendant may be subject to the specific jurisdiction of the forum only if the defendant has

3  purposefully availed himself or herself of the forum benefits and the controversy is related to and

4  arises out of the defendant's contacts with the forum.  (*Burger King*, 471 U.S. at 472-473;

5  *Helicopteros*, 466 U.S. at 414.)

6

7        In order for a nonresident defendant to be subject to the specific personal jurisdiction of a

8  forum, the following three requirements must first be met:

9        1)    the nonresident defendant must engage in an act, consummate a transaction,

10             or perform an act by which he purposefully avails himself of the privilege

11             of conducting activities in the forum, thereby invoking the benefits and

12             protections of its laws ("purposeful availment");

13       2)    the lawsuit must arise out of the nonresident's forum-related activities; and

14       3)    the exercise of jurisdiction must be fair and reasonable.

15  (*See, Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *Helicopteros*, 466 U.S. at 414;

16  *Doe v. American National Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997); *Core-Vent Corp. v.*

17  *Nobel Industries, AB*, 11 F.3d 1482, 1485 (9th Cir. 1993); *Hunt v. Erie Ins. Group*, 728 F.2d 1244,

18  1247 (9th Cir. 1984).)

19

20        In determining whether such "minimum contacts" exist for a valid assertion of jurisdiction

21  over a nonconsenting nonresident, who is not present in the forum, a court must look at " 'the

22  quality and nature of [the nonresident's] activity in relation to the forum [to determine whether it]

23  renders such jurisdiction consistent with traditional notions of fair play and substantial justice."

24  (*Burnham v. Superior Court of California*, 495 U.S. 604, 618 (1990); *International Shoe*, 326 U.S.

25  at 316, 319.)  A court will also examine the nature and quality of the defendant's contacts in

26  relation to the cause of action.  (*Data Disc, Inc. v. Systems Technology Assocs.*, 557 F.2d 1280,

27  1287 (9th Cir. 1977).)

28  / / /

1    The ultimate determination rests on some conduct by which the nonresident has

2  purposefully availed himself of the privilege of conducting activities within the forum state to

3  invoke its benefits and protections, and a sufficient relationship or nexus between the nonresident

4  and the forum state such that it is reasonable and fair to require the nonresident to appear locally to

5  conduct a defense. (*Kulko v. Superior Court of California*, 436 U.S. 84, 93-94, 96-97, 98 (1978);

6  *Khan v. Superior Court*, 204 Cal.App.3d 1168, 1175-1176 (1988).) This latter "fairness" finding

7  requires a balancing of the burden or inconvenience to the nonresident against the resident

8  plaintiff's or petitioner's interest in obtaining effective relief, and the state's interest in adjudicating

9  the particular dispute, which ultimately turns on the nature and quality of the nonresident's forum-

10  related activity. (*Kulko*, 436 U.S. at 94; *see also, Khan*, 204 Cal.App.3d at 1179-1180.)

11

12    Finally, when jurisdiction is challenged by a nonresident defendant, the burden is on the

13  plaintiff to demonstrate sufficient "minimum contacts" exist between the defendant and forum

14  state to justify the imposition of jurisdiction. (*Sibley v. Superior Court*, 16 Cal.3d 442, 445

15  (1976).) Only where the plaintiff is able to meet this burden does the burden shift to the defendant

16  to demonstrate that the exercise of jurisdiction would be unreasonable. (*Vons Companies*, 14

17  Cal.4th at 449.)

18

19    **1.    _Specially Appearing_ Defendant Harrah's Rincon Resort & Casino, Inc. Is A
20         Non-Legal Entity Which May Not Be Subjected To The Court's Personal
          Jurisdiction.**

21    The AYONS sued *Specially Appearing* Defendant Harrah's Rincon Resort & Casino, Inc.,

22  which is nothing more than a name and **is not** a valid legal entity. (Kostrinsky Decl., ¶5.)

23  Therefore, this Court cannot exercise personal jurisdiction over Harrah's Rincon Resort & Casino,

24  Inc., an entity which does not legally exist. (*See*, F.R.Civ.P. Rule 12(b)(2); *Keeton*, 465 U.S. at

25  774; *Helicopteros*, 466 U.S. at 414.)

26  / / /

27  / / /

28  / / /

2.    ***Specially Appearing* Defendants Harrah's Entertainment, Inc. And Harrah's Operating Company, Inc. Lack Sufficient Contacts With California Under Either A Theory Of General Or Specific Jurisdiction.**

    (a)    ***Specially Appearing* Defendants Harrah's Entertainment, Inc. And Harrah's Operating Company, Inc. Are Foreign Corporations That Lack Continuous And Systematic Contacts With California.**

As noted above, a Court may exercise general personal jurisdiction over a defendant for substantial, continuous and systematic contacts with the forum state. (*Helicopteros*, 466 U.S. at 414-415.) *Specially Appearing* Defendants Harrah's Entertainment, Inc. and Harrah's Operating Company, Inc. are Delaware corporations, with their principle places of business in Las Vegas, Nevada. (Kostrinsky Decl., ¶¶3, 4.) *Specially Appearing* Defendants Harrah's Entertainment, Inc. and Harrah's Operating Company, Inc. are not the owners, managers, or operators of any casino in the State of California, including the Harrah's Rincon Casino & Resort. (Kostrinsky Decl., ¶¶3, 4.) Neither Harrah's Entertainment, Inc., nor Harrah's Operating Company, Inc. leases, nor has the right to possession of, any part of the Casino or the Reservation. (Kostrinsky Decl., ¶¶3, 4.) *Specially Appearing* Defendants Harrah's Entertainment, Inc. and Harrah's Operating Company, Inc. do not have offices in California, do not own property in California, do not have employees in California and do not conduct business in California. (Kostrinsky Decl., ¶¶3, 4.) Therefore, *Specially Appearing* Defendants Harrah's Entertainment, Inc. and Harrah's Operating Company, Inc. do not have the requisite substantial, systematic, and continuous contacts with California that would support this Court's exercise of general personal jurisdiction. (*See, Helicopteros*, 466 U.S. at 414-415.)

    (b)    ***Specially Appearing* Defendants Harrah's Entertainment, Inc. And Harrah's Operating Company, Inc. Are Not Subject To The Specific Personal Jurisdiction Of This Court.**

The three requirements for the exercise of specific personal jurisdiction over *Specially Appearing* Defendants are not met. First, *Specially Appearing* Defendants Harrah's Entertainment, Inc. and Harrah's Operating Company, Inc. do not have offices in California, do not own property in California, do not have employees in California and do not conduct business in California. (Kostrinsky Decl., ¶¶3, 4.) The Casino where the alleged incident occurred is owned and operated by the Tribe under the Indian Gaming Regulatory Act, as well as the Tribal-State Gaming

1    Compact between the Tribe and the State of California. (Kostrinsky Decl., ¶2.) The Tribe has

2    ultimate authority and control over all strategic, non day-to-day type decisions concerning the

3    business of the Casino and its entire Reservation. (Kostrinsky Decl., ¶6.) *Specially Appearing*

4    Defendants have no case-related contacts with California either. (Kostrinsky Decl., ¶¶3, 4.)

5    Therefore, *Specially Appearing* Defendants have not purposefully availed themselves (the <u>first</u>

6    prong of the specific jurisdiction test) of the benefits and protections of California law and this

7    Court cannot exercise specific personal jurisdiction over *Specially Appearing* Defendants.

8    (*Keeton*, 465 U.S. at 774; *Helicopteros*, 466 U.S. at 414.)

9

10          Second, there is no nexus between any purported contacts *Specially Appearing* Defendants

11    may have with California and the injuries allegedly suffered by the AYONS on August 1, 2005.

12    The AYONS' complaint states that the incident took place entirely on the premises of the Tribe-

13    owned and controlled Rincon Casino & Resort. (Exh. 1, p. 3:15-18.) Again, *Specially Appearing*

14    Defendants Harrah's Entertainment, Inc. and Harrah's Operating Company, Inc. do not own,

15    operate, control or manage the Casino. (Kostrinsky Decl., ¶¶3, 4.) Further, *Specially Appearing*

16    Defendants do not lease or have the right to possess any part of the Casino. (*Id.* at ¶3.)

17

18          It is axiomatic that to be liable for premises liability, one must own or control the premises.

19    (*Brooks v. Eugene Burger Management Corporation*, 215 Cal.App.3d 1611, 1619 (1989) (owner

20    of premises is under a duty to exercise ordinary care in the management of such premises in order

21    to avoid exposing persons to an unreasonable risk of harm).) The nature of the AYONS' claims

22    (for premises liability, negligence *per se*, *res ipsa*, and loss of consortium related to the premises

23    liability) necessarily implicate liability only on the part of the entity which owned or controlled the

24    Casino where Ms. AYON was injured. (*Harris v. Joffe*, 28 Cal.2d 418, 423 (1946) (property

25    owner has a duty to use ordinary care to keep the portion of the premises for use in common in a

26    safe condition).) As noted above, the Casino is located on the reservation of the Rincon San

27    Luiseno Band of Mission Indians, which is a federally-recognized sovereign Indian tribe.

28    (Kostrinsky Decl., ¶2.) Inasmuch as *Specially Appearing* Defendants do not own, lease or control

1  over the premises at which the events giving rise to the AYONS' claims occurred, the lawsuit

2  cannot conceivably arise out of any purported contacts *Specially Appearing* Defendants may have

3  with the State of California. (*See, Keeton*, 465 U.S. at 774.)

4

5      As a result, any exercise of personal jurisdiction over these *Specially Appearing*

6  Defendants would offend notions of fair play and substantial justice for several reasons. (*Burger*

7  *King*, 471 U.S. at 477.)  This court should consider the burden on the defendant, the forum state's

8  interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective

9  relief, the interstate judicial system's interest in obtaining the most efficient resolution of

10  controversies and the shared interest of the several states in furthering fundamental substantive

11  social policies.  (*Id.*)

12

13      Subjecting *Specially Appearing* Defendants to jurisdiction in California when they do not

14  own, operate or control the location of the alleged incident would place an enormous burden on

15  defendants.  Such a ruling would allow any plaintiff, in any location, to sue defendant even when

16  that defendant does not own, operate, or control the location of a plaintiff's alleged accident.

17  Furthermore, this result would fundamentally alter the personal jurisdiction analysis by allowing

18  the location of plaintiff's accident to control where a defendant could be sued.  Personal

19  jurisdiction must focus on a defendant's contacts with a given forum, not where a plaintiff alleges

20  she was injured. (*Calder v. Jones*, 465 U.S. 783 (1984); *Helicopteros*, 466 U.S. at 46-417.)

21  Where, as here, a defendant does not own, operate, or control a piece of property, a plaintiff's

22  personal injury on that property cannot reasonably form the basis for personal jurisdiction over

23  that defendant. (*See, id.*)  Thus, the AYONS' complaint must be dismissed for lack of personal

24  jurisdiction. (F.R.Civ.P. Rule 12(b)(2); *Keeton*, 465 U.S. at 774; *Helicopteros*, 466 U.S. at 414.)

25  / / /

26  / / /

27  / / /

28  / / /

**C.**    **This Court Should Dismiss AYON's Claims For Failure To Join An Indispensable Party Pursuant To Federal Rule of Civil Procedure 12(b)(7).**

This action must also be dismissed because the Tribe is a necessary and indispensable party which, because of its sovereign immunity, cannot be joined to this action. (F.R.Civ.P. Rule 19; 12(b)(7); *see also, American Greyhound Racing v. Hull*, 305 F.3d 1015, 1022 (9th Cir. 2002), *citing, Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999).)

    **1.**    **The Tribe Is A Necessary Party.**

Federal Rule 19(a) provides for joinder of a party as "necessary" to the action where **any** of the following are met:

> (A)  in the person's absence complete relief cannot be accorded among those already parties, or
>
> (B)  the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
>
> > (i)  as a practical matter impair or impede the person's ability to protect that interest, or
> >
> > (ii)  leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

(F.R.Civ.P. Rule 19(a)(1)(A),(B).)

Here, the Tribe meets the requirements of Rule 19(a)(1)(A) and (a)(2)(B)(ii), as resolution of the AYONS' complaint will turn on who, if anyone, bears responsibility for Ms. AYON's alleged personal injury at the Casino, which is owned and controlled exclusively by the Tribe. (Kostrinsky Decl., ¶6.) Inasmuch as the Tribe has ownership and ultimate authority over the Reservation and the Casino, a full and fair adjudication of liability, if any, cannot possibly occur in the absence of the Tribe being joined as a necessary party.

/ / /

/ / /

/ / /

1  **2.     The Tribe Is An Indispensable Party.**

2        A necessary and indispensable party must be joined for an action to proceed. (*American*

3  *Greyhound*, 305 F.3d. at 1024.) Where, as here, joinder of the Tribe as an indispensable party is

4  not possible because of the Tribe's sovereign immunity[3], the action cannot proceed in "equity and

5  good conscience" and must be dismissed. (*Id.*)

6        The four factors to determine whether an absent necessary party is indispensable under

7  Federal Rule of Civil Procedure 19(b) are:

8     (1)  to what extent a judgment rendered in the person's absence might be prejudicial to
           the person or those already parties;
9     (2)  the extent to which, by protective provisions in the judgment, by the shaping of
           relief, or other measures, the prejudice can be lessened or avoided;
10    (3)  whether a judgment rendered in the person's absence will be adequate; and,
      (4)  whether the plaintiff will have an adequate remedy if the action is dismissed for
11         nonjoinder.

12 (F.R.Civ.P. Rule 19(b).)

13

14        *Specially Appearing* Defendants would be prejudiced as a result of the Tribe not being

15 joined to this action. The AYONS' complaint alleges duties owed by the owner or operator of the

16 Casino (*i.e.*, the Tribe), for which the Tribe has defenses and it is not *Specially Appearing*

17 Defendants' obligation to defend those claims. (*See*, Exh. 1, pp. 3:5-8, 4:9-11, 5:16-18.) *Specially*

18 *Appearing* Defendants would be prejudiced significantly if forced to take a position potentially in

19 conflict with that of the Tribe because the Tribe is not a party to this action and is unable to defend

20 itself. While *Specially Appearing* Defendants are in no way liable for the injuries allegedly

21 suffered by the AYONS, much confusion will result if the case is not dismissed because the only

22 party who may be liable for negligent conduct is the Tribe. Moreover, there is a potential that an

23

24 [3]    Indian nations are exempt from suit absent congressional authorization. (*Kiowa Tribe of Oklahoma v.*
*Manufacturing Technologies, Inc.*, 523 U.S. 751, 757 (1998).) The Tribal-State Gaming Compact entered into
25 between the Rincon Band of San Luiseno Mission Indians and California, pursuant to the Indian Gaming Regulatory
Act of 1988 (18 U.S.C. §§ 1166-168, 25 U.S.C. § 2701, et seq.) provides: "The tribe . . . is to adopt a tort liability
26 ordinance that may waive immunity to suits monetary damages resulting from intentional or negligent injuries." (Exh.
2.) As noted above, the Tribe has adopted the Patron Tort Claims Ordinance, in compliance with the Tribal-State
27 Gaming Compact. (Exh. 3.) Thus, the Tribe has waived its sovereign immunity only insofar as suits for negligence
are brought pursuant to the procedures adopted by the Tribe pursuant to the Compact.

28

1  unfavorable ruling or judgment may be entered against *Special Appearing* Defendants if forced to

2  defend not only their own interests, but those of the Tribe.  This prejudice is sufficient to warrant

3  dismissal of this action under 19(b).  (*See*, *Lucero v. Lujan*, 788 F.Supp. 1180, 1183 (D.N.M.

4  1991), *aff'd*, 959 F.2d 245 (10th Cir. 1992).)

5

6        Additionally, the AYONS have an alternative forum to pursue their claims under the

7  procedures in place pursuant to the Patron Tort Claims Ordinance.  (Exh. 3.)  Thus, the Rule 19(b)

8  factors weigh strongly in favor of a finding that the Tribe is an indispensable party to this action.

9  Because the Tribe has sovereign immunity and cannot be joined, this action must be dismissed and

10  allowed to proceed pursuant to the procedures in place under the Patron Tort Claims Ordinance.

11

12  **D.    The AYONS Failed To State A Claim Upon Which Relief Can Be Granted.**

13        The AYONS' claims must also be dismissed for their failure to state a claim.  (F.R.Civ.P.

14  Rule 12(b)(6).)  On a Rule 12(b)(6) motion to dismiss, the "test is whether the facts, as alleged,

15  support *any* valid claim entitling the plaintiff to relief."  (*United States v. White*, 893 F.Supp. 1423,

16  1428 (C.D.Cal. 1995); *Haddock v. Board of Dental Examiners of California*, 777 F.2d 462, 464

17  (9th Cir. 1985).)  In deciding whether to dismiss a plaintiff's complaint under Rule 12(b)(6), the

18  court need not accept as true conclusory allegations or legal characterizations.  (*In re Delorean*

19  *Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395-1396

20  (C.D.Cal. 1995).)

21

22        With respect to *Specially Appearing* Defendant Harrah's Rincon Resort & Casino, Inc., it is

23  not a legal entity and, therefore, lacks the capacity to maintain, own, possess, or control the Casino

24  at which the AYONS claim to have been injured.  (Kostrinsky Decl., ¶¶ 3, 4.)

25

26        As to *Specially Appearing* Defendants Harrah's Entertainment, Inc. and Harrah's Operating

27  Company, Inc., the AYONS' claims are dependent upon the false premise that *Specially*

28  *Appearing* Defendants owed a duty of care to the AYONS and that they breached that duty.  In an

1  attempt to show *Specially Appearing* Defendants owed a duty of care, the AYONS assert

2  conclusively that *Specially Appearing* Defendants "owned, maintained, controlled, managed, and

3  operated" the Rincon Casino. (Exh. 1, pp. 3:5-8, 4:9-11, 5:16-18.) *Specially Appearing*

4  Defendants, however, have presented competent, sworn testimony that they are not the owners of

5  the Casino, nor do they maintain, control, manage or operate the Casino in any capacity.

6  (Kostrinsky Decl., ¶¶ 3, 4.) Moreover, they do not have any control over the Tribe's governmental

7  policies or decisions; do not conduct business in California; do not have offices in California; do

8  not have employees in California; and, do not own property in California. (*Id.*) California case

9  law is clear that "[a] defendant cannot be held liable for the defective or dangerous condition of

10  property which it did not own, possess, or control." (*Balard v. Bassman Event Security, Inc.,* 210

11  Cal.App.3d 243, 247 (1989) (emphasis added), *citing, Isaacs v. Huntington Memorial Hospital,* 38

12  Cal.3d 112, 134 (1985).) For all of these reasons, the AYONS cannot state a claim upon which

13  relief can be granted against any of the *Specially Appearing* Defendants based on any negligence

14  theory.[4] Therefore, their claims must be dismissed. (F.R.Civ.P. Rule 12(b)(6).)

15

16  ## IV.

17  ## CONCLUSION

18  Based upon the foregoing, *Specially Appearing* Defendants respectfully request this Court

19  issue an order dismissing the AYONS' complaint. This Court lacks subject matter jurisdiction

20  over this action, and, moreover, lacks personal jurisdiction over all *Specially Appearing*

21  Defendants in this action. In addition, the Tribe is a necessary and indispensable party which the

22  AYONS did not and cannot bring into this action. The AYONS' complaint fails to state a claim

23

24  ───────────────

[4]  The AYONS' claim for negligence *per se* also fails as a defendant must owe a duty to the plaintiff for such a

25  claim to the viable. (*See,* California Evidence Code §669(a)(1).)

26  In addition, JOSE AYON's claim for loss of consortium is based wholly on the allegation that "defendants, and
each of them, are liable in tort for the injury to plaintiff MARISELA AYON." (Exh. 1, p. 6:14-15.) However, as set
forth clearly above, *Specially Appearing* Defendants cannot be found liable in tort for the injuries allegedly suffered

27  by MARISELA AYON, as *Specially Appearing* Defendants did not owe AYON a duty of care. (*Balard,* 210
Cal.App.3d at 247, *citing, Isaacs,* 38 Cal.3d at 134.)

28

1  for which relief may be grated and must be dismissed as a matter of law.  For all of these reasons,

2  the action must be dismissed.

3

4                                          SHEA STOKES ROBERTS & WAGNER, ALC

5

6  Dated:  January 8, 2008                 By:   s/Maria C. Roberts

7                                                Maria C. Roberts
                                                 Ronald R. Giusso
8                                                Attorneys for *Specially Appearing* Defendants
                                                 HARRAH'S ENTERTAINMENT, INC.,
9                                                HARRAH'S OPERATING COMPANY, INC.
                                                 and HARRAH'S RINCON RESORT & CASINO,
10                                               INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28