1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:    (619) 232-4261
5  FACSIMILE:    (619) 232-4840

6  Attorneys for *Specially Appearing* Defendants HARRAH'S ENTERTAINMENT, INC.,
   HARRAH'S OPERATING COMPANY, INC. and HARRAH'S RINCON RESORT & CASINO,
7  INC.

8

9                      UNITED STATES DISTRICT COURT

10                    SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  MARISELA AYON, an individual, JOSE R. AYON, an individual, | CASE NO. 07-CV-2430 IEG POR |
| 13           Plaintiffs, | Action Date:  July 9, 2007<br>Judge:        Hon. Irma E. Gonzalez<br>Mag. Judge:   Hon. Louisa S. Porter |
| 14  vs. | |
| 15  HARRAH'S ENTERTAINMENT, INC., a Delaware corporation; HARRAH'S OPERATING COMPANY, INC., a Delaware corporation; HARRAH'S RINCON RESORT & CASINO, INC., a corporation qualified to do business in California; and DOES 1 to 25, inclusive, | DECLARATION OF MICHAEL E. KOSTRINSKY IN SUPPORT OF *SPECIALLY APPEARING* DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.CIV.P. RULE 12(b)(1), (2), (6) AND (7)<br><br>ACCOMPANYING DOCUMENTS: NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARIA C. ROBERTS; NOTICE OF LODGMENT OF EXHIBITS; [PROPOSED] ORDER |
| 19           Defendant. | |
| | Date:       February 11, 2008<br>Time:       10:30 a.m.<br>Courtroom:  1 |

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

CASE NO. 07-CV-2430 IEG POR

1  I, Michael E. Kostrinsky, declare:

3  1.  I am the Chief Litigation Officer for Harrah's Operating Company, Inc. As such, I have personal knowledge of Harrah's Operating Company, Inc., its holdings and those of its affiliates and Harrah's Entertainment, Inc. I make this declaration based on that knowledge.

7  2.  The casino known as Harrah's Rincon Casino & Resort (the "Casino") is located on the reservation of the Rincon San Luiseno Band of Mission Indians (the "Reservation"), a federally-recognized sovereign Indian tribe (the "Tribe"). The Harrah's Rincon Casino & Resort (the "Casino") is owned and operated by the Tribe under the Indian Gaming Regulatory Act, as well as the Tribal-State Gaming Compact between the Tribe and the State of California.

13  3.  *Specially Appearing* Defendant Harrah's Entertainment, Inc. is not the owner, manager or operator of Harrah's Rincon Casino & Resort. *Specially Appearing* Defendant Harrah's Entertainment, Inc. is a Delaware corporation headquartered in Las Vegas, Nevada. It does not have offices in California; does not own property in California; does not have employees in California; and, does not conduct business in California. *Specially Appearing* Defendant Harrah's Entertainment, Inc. does not lease, nor have the right of possession to any part of the Casino or the Reservation.

21  4.  Similarly, *Specially Appearing* Defendant Harrah's Operating Company, Inc. is not the owner, manager, or operator of Harrah's Rincon Casino & Resort. *Specially Appearing* Defendant Harrah's Operating Company, Inc. is a Delaware corporation which is also headquartered in Las Vegas, Nevada. It does not have offices in California; does not own property in California; does not have employees in California; and, does not conduct business in California. *Specially Appearing* Defendant Harrah's Operating Company, Inc. does not lease, nor have the right of possession to any part of the Casino or the Reservation.

28  / / /

1    5. *Specially Appearing* Defendant Harrah's Rincon Resort & Casino, Inc. is a name, not a legal entity. As such, the Harrah's Rincon Resort & Casino, Inc. does not own, operate, manage, or in any way control the Casino.

6. The Rincon San Luiseno Band of Mission Indians maintains ultimate authority and control over all operations and decisions concerning the business, maintenance, management and operations of the Casino and the Reservation. The day-to-day management of the Casino is accomplished through a federally-approved Management Agreement, to which *Specially Appearing* Defendants are not a party.

7. To my knowledge, Plaintiffs MARISELA AYON and JOSE R. AYON have not initiated any claim with the Tribe pursuant to either Rincon Tribal Ordinance No. 102 or the Patron Tort Claims Ordinance.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of January 2008, at Las Vegas, Nevada.


/s/Michael E. Kostrinsky
Michael E. Kostrinsky