1 | MARIA C. ROBERTS, State Bar No. 137907
mroberts@sheastokes.com
2 | RONALD R. GIUSSO, State Bar No. 184483
rgiusso@sheastokes.com
3 | SHEA STOKES ROBERTS & WAGNER, ALC
510 MARKET STREET, THIRD FLOOR
4 | SAN DIEGO, CALIFORNIA 92101-7025
TELEPHONE:  (619) 232-4261
5 | FACSIMILE:    (619) 232-4840

6 | Attorneys for *Specially Appearing* Defendants HARRAH'S ENTERTAINMENT, INC.,
HARRAH'S OPERATING COMPANY, INC. and HARRAH'S RINCON RESORT & CASINO,
7 | INC.

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| MARISELA AYON, an individual, JOSE R. AYON, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>HARRAH'S ENTERTAINMENT, INC., a Delaware corporation; HARRAH'S OPERATING COMPANY, INC., a Delaware corporation; HARRAH'S RINCON RESORT & CASINO, INC., a corporation qualified to do business in California; and DOES 1 to 25, inclusive,<br><br>    Defendant. | CASE NO. 07-CV-2430 IEG POR<br><br>Action Date:   July 9, 2007<br>Judge:         Hon. Irma E. Gonzalez<br>Mag. Judge:    Hon. Louisa S. Porter<br><br>*SPECIALLY APPEARING* DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS<br><br>ACCOMPANYING DOCUMENTS:<br>DECLARATION OF RONALD R. GIUSSO<br><br>Date:       February 11, 2008<br>Time:       10:30 a.m.<br>Courtroom:  1 |

20 | / / /
21 | / / /
22 | / / /
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

CASE NO. 07-CV-2430 IEG POR

## I.

## INTRODUCTION

*Specially Appearing* Defendants filed the instant Rule 12 Motion to Dismiss on January 8, 2008. The AYONS' Opposition was due on January 28, 2008. However, **the AYONS' opposition was never filed.** (Giusso Decl., ¶3.) In addition, counsel for *Specially Appearing* Defendants has attempted to contact Plaintiffs' counsel numerous times, both telephonically and in writing to discuss this case, and the AYONS' counsel has never returned the calls, or responded to the letters. (Giusso Decl., ¶4.) Accordingly, *Specially Appearing* Defendants ask this Court to grant this pending Motion to Dismiss.

## II.

## ARGUMENT

**A.   The AYONS' Failure To File An Opposition Should Be Deemed Consent To Granting The Motion To Dismiss.**

The Southern District of California's Local Rules require a party to file an opposition or a notice of non-opposition to a pending motion. "Unless otherwise provided by rule or court order, a party opposing a motion, . . . shall file a written opposition. If such party chooses not to oppose the motion, the party shall file a written statement that the party does not oppose the motion . . ." (Civ.L.R. 7.1.f.3.a.) It is important to note that this rule uses the mandatory "shall" language and, consequently, a party is required to file an opposition. An opposition or notice of non-opposition is due no later than 14 calendar days before the hearing. (Civ.L.R. 7.1.e.2.) Failure to file an opposition or notice of non-opposition may constitute a waiver. "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of the motion . . . ." (Civ.L.R. 7.1.f.3.c.) The failure to follow a local rule is also a basis for dismissal of an action. "Failure to comply with the provisions of the local rules of this Court may also be grounds for dismissal under this rule." (Civ.L.R. 41.b.)

/ / /

/ / /

1  The Ninth Circuit has upheld the application of a local rule deeming the failure to file an
2  opposition as consent to granting a motion.  In *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995), a *pro*
3  *se* prisoner brought a complaint alleging violation of his civil rights when he was a pretrial
4  detainee.  In response to the complaint, the Sheriff and Commissioners filed a Motion to Dismiss.
5  (*Id.* at 53.)  The *pro se* prisoner did not file an opposition and claimed that he never received a
6  copy of the Motion to Dismiss.  (*Id.* at 54.)  The case was pending in Nevada District Court which
7  had the following local rule: "the failure of the opposing party to file a memorandum of points and
8  authorities in opposition to any motion shall constitute a consent to the granting of the motion."
9  (*Id.* at 53.)   The Trial Court dismissed the case pursuant to this local rule.  The Ninth Circuit held
10  "[a]lthough we construe pleading liberally in their favor, *pro se* litigants are bound by the rules of
11  procedure. [citation omitted]  *Ghazali* did not follow them, and his case was properly dismissed."
12  (*Id.* at 54.)

14  Pursuant to Local Rule 7.1.e.2, the opposition or notice of non-opposition to this motion
15  was due 14 days prior to the hearing date, or January 28, 2008.  No opposition or notice of non-
16  opposition was filed or served on *Specially Appearing* Defendants.  (Giusso Dec. ¶ 3.)  In
17  addition, Plaintiffs' counsel has failed to return any of the several telephone calls made to him by
18  counsel for *Specially Appearing* Defendants, or respond to several letters.  (*Id.* at ¶4.)  As a result,
19  this Court should, under Local Rule 7.1.f.3.c, deem the failure to file the required opposition as
20  consent to granting the Motion to Dismiss.

### III.

### CONCLUSION

24  This Court lacks subject matter jurisdiction over this action, and, moreover, lacks personal
25  jurisdiction over all *Specially Appearing* Defendants.  In addition, the Rincon San Luiseno Band
26  of Mission Indians is a necessary and indispensable party which the AYONS did not and cannot
27  bring into this action.  The AYONS' complaint fails to state a claim for which relief may be
28  granted and must be dismissed as a matter of law.  Lastly, the AYONS have violated the Local

1 Rules by not filing an opposition or notice of non-opposition.  For all of these reasons, *Specially*
2 *Appearing* Defendants respectfully request this Court issue an order dismissing with prejudice the
3 AYONS' complaint.

                                        SHEA STOKES ROBERTS & WAGNER, ALC

Dated:  February 1, 2008         By:  /s/ Ronald R. Giusso
                                      Maria C. Roberts
                                      Ronald R. Giusso
                                      Attorneys for *Specially Appearing* Defendants
                                      HARRAH'S ENTERTAINMENT, INC.,
                                      HARRAH'S OPERATING COMPANY, INC.
                                      and HARRAH'S RINCON RESORT & CASINO,
                                      INC.