LAW OFFICES OF JE GRISWOLD & ASSOCIATES
JAMES E. GRISWOLD, SBN 207294
2510 North Grand Avenue, Suite 201
Santa Ana, California 92705-8754

Telephone   714.633.9500
Facsimile   714.633.3885

Attorney for Plaintiffs MARISELA AYON and JOSE R. AYON

FILED

08 FEB 11 AM 10: 41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISELA AYON, an individual, JOSE R. AYON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>HARRAH'S ENTERTAINMENT, INC., a Delaware corporation; HARRAH'S OPERATING COMPANY, INC., a Delaware corporation; HARRAH'S RINCON RESORT & CASINO, INC., a corporation qualified to do business in California; and DOES 1 to 25, inclusive,<br><br>Defendants. | Case No.: 07-CV-2430 IEG POR<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS; OPPOSITION TO REMOVAL; REQUEST TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMES E. GRISWOLD<br><br>Date:  February 11, 2008<br>Time:  10:30 AM<br>Dept.:  1 |

Plaintiffs MARISELA AYON and JOSE R. AYON, herein file their opposition to defendant's removal and motion to dismiss:

///

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS; OPPOSITION TO REMOVAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMES E. GRISWOLD - 1

**INTRODUCTION**

This personal injury case should never have been removed to federal court for the following reasons:

- Plaintiffs have not named any Indian tribe as defendants, therefore there is no federal question issue, and no failure to exhaust tribal remedies at issue;
- Plaintiffs have not named any diverse parties as defendants;
- Plaintiffs have not alleged an amount in controversy over $75,000;

Defendants' motions are based on pure speculation, and not based on the allegations in plaintiff's Complaint. There were no grounds for removal, and therefore no jurisdiction to dismiss this case. For these reasons, plaintiffs respectfully request that the court deny defendants' motion to dismiss, and remand the case back to state court where it should have remained.

**I.    DISMISSAL**

There is no power to dismiss if grounds for dismissal are that it would be futile to remand the case. Remand is required. (*International Primate Protection League v. Administrators of the Tulane Ed. Fund* (1991) 500 U.S. 72, 88-89).

Defendants argue that this case should be dismissed because plaintiffs did not name the Tribe as defendants. In other words, they argue that remand would be futile because the Tribe cannot be named as defendants.

This case can, and should, be remanded back to state court. There is no diversity (one of the named defendants is qualified to do business in California). Plaintiff has not alleged an amount in controversy in excess of $75,000.

///

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS; OPPOSITION TO REMOVAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMES E. GRISWOLD -  2

## II. REMOVAL

### A. This Court Has an Independent Obligation to Determine Removal Jurisdiction

Regardless of the fact that plaintiff did not timely challenge the removal notice this Court still must determine whether removal was appropriate. (*Valdez v. Allstate Ins. Co.* (9th Cir. 2004) 372 F.3d 1115, 1116).

### B. Doe Defendants, including Potential Indian Tribe Defendants, Must be Disregarded in Determining Removability.

"For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded" (28 U.S.C. §1441(a). In determining whether diversity of citizenship exists, only the named defendants are considered. (*Newcombe v. Adolf Coors Co.* (9th Cir. 1998) 157 F3d 686, 690-691).

Defendants argue that the Rincon San Luiseno Band of Mission Indians (the "Tribe") are indispensable parties to this lawsuit. Their argument assumes that the Tribe would be named as Doe defendants. Defendants' argument is pure speculation – whether or not the Tribe is eventually added as Doe defendants cannot be considered in determining whether removal of this case was appropriate.

Defendants' argument goes one step further – they argue that the Tribe is an indispensable party and that plaintiffs have not exhausted their tribal remedies, and therefore the Tribe cannot be named as defendants. Moving defendants' argument is circular. On the one hand, they claim that the Tribe must be named as defendants, but on the other hand that it cannot be named as defendants. Defendant's removal of this case rests on this circular reasoning.

///

///

///

### C. Defensive Matters Must Be Disregarded

It is not enough for removal purposes that a federal question may arise during the course of litigation in connection with some defense. "A defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law. (*Franchise Tax Board v. Construction Laborers Vacation Trust* (1983) 463 U.S. 1, 10).

If there is no diversity, a case is removable only where a federal question is presented on the face of the plaintiff's complaint. (*Caterpillar Inc. v. Williams* (1987) 482 U.S. 386, 392).

### III. This Court May, *Sua Sponte*, Remand This Case to State Court

If at any time before final judgment, it appears that the court lacks subject matter jurisdiction, the court may remand the case to state court either *sua sponte* or on motion of a party. (28 U.S.C. §1447(c).

### CONCLUSION

Plaintiffs respectfully request that defendants' motion to dismiss be denied in its entirety, that the court rule that it does not have jurisdiction to hear this case and that removal was inappropriate, and that the court further order this case remanded back to state court.

DATED: 2-7.08

LAW OFFICES OF JAMES E. GRISWOLD
& ASSOCIATES

BY: _____
James E. Griswold
Attorney for Plaintiffs

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS; OPPOSITION TO REMOVAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMES E. GRISWOLD - 4