1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:  (619) 232-4261
5  FACSIMILE:   (619) 232-4840

6  Attorneys for *Specially Appearing* Defendants HARRAH'S ENTERTAINMENT, INC.,
   HARRAH'S OPERATING COMPANY, INC. and HARRAH'S RINCON RESORT & CASINO,
7  INC.

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11 | MARISELA AYON, an individual, JOSE R. AYON, an individual, | CASE NO. 07-CV-2430 IEG POR |
|---|---|
| Plaintiffs, | Action Date: July 9, 2007<br>Judge: Hon. Irma E. Gonzalez<br>Mag. Judge: Hon. Louisa S. Porter |
| vs. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY BRIEF OF *SPECIALLY APPEARING* DEFENDANTS TO PLAINTIFFS' RESPONSES TO DEFENDANTS' MOTION TO DISMISS; OPPOSITION TO REMOVAL; AND REQUEST TO REMAND TO STATE COURT |
| HARRAH'S ENTERTAINMENT, INC., a Delaware corporation; HARRAH'S OPERATING COMPANY, INC., a Delaware corporation; HARRAH'S RINCON RESORT & CASINO, INC., a corporation qualified to do business in California; and DOES 1 to 25, inclusive, | |
| Defendant. | ACCOMPANYING DOCUMENT: DECLARATION OF RONALD R. GIUSSO |
| | Date:      N/A<br>Time:     N/A<br>Courtroom: 1 |

22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /
CASE NO. 07-CV-2430 IEG POR

# I.

## **INTRODUCTION AND PROCEDURAL BACKGROUND**

On December 28, 2008, *Specially Appearing* Defendants Harrah's Entertainment, Inc., Harrah's Operating Company, Inc. and Harrah's Rincon Resort & Casino, Inc. (a non-legal entity) timely removed this action to the United States District Court for the Southern District of California. On January 8, 2008, *Specially Appearing* Defendants filed a motion to dismiss Plaintiffs JOSE R. AYON and MARISELA AYONs' ("AYONS") complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (6) and (7). (Giusso Decl., ¶ 3.) The hearing date for *Specially Appearing* Defendants' motion to dismiss was set for February 11, 2008. (*Id*. at ¶ 4.) Pursuant to the Local Civil Rules of the Southern District, the deadline for the AYONS to file an opposition to *Specially Appearing* Defendants' motion was January 28, 2008, fourteen days prior to the hearing. The AYONS, however, never filed any opposition to the motion to dismiss, and the hearing date was vacated by this Court. (*Id*. at ¶ 5.) However, on February 11, 2008, the day for which the hearing had been scheduled prior to being vacated, the AYONS' counsel appeared before this Court and attempted to file a document entitled "Response to Defendant's Motion to Dismiss; Opposition to Removal; Request to Remand to State Court." This Court permitted the AYONS' counsel to file the "opposition" and allowed *Specially Appearing* Defendants until Tuesday, February 19, 2008, to file a reply. (*Id.* at ¶ 6.)

The "opposition" filed by the AYONS should be stricken by this Court as untimely and as it is completely non-responsive to any of the arguments put forth by *Specially Appearing* Defendants in the motion to dismiss. Further, the AYONS' request that this matter be remanded back to state court should be denied as *Specially Appearing* Defendants' removal petition was timely filed and was properly based on this Court's diversity jurisdiction under 28 U.S.C. section 1332(a).

/ / /
/ / /
/ / /

## II.

## ARGUMENT

**A.  The Opposition Should Be Stricken In Its Entirety As It Was Not Timely Filed And Fails Utterly To Address Even A Single Argument Made By *Specially Appearing* Defendants In Their Motion to Dismiss.**

Local Civil Rule 7.1 of the Southern District provides the required deadlines for filing and serving motions, oppositions, and replies in the Southern District.  Rule 7.1.e.2 states,

> [E]ach party opposing a motion, application or order to show cause shall file that opposition or statement of non-opposition with the clerk and serve the movant or the movant's attorney not later than 14 *calendar* days prior to the noticed hearing.

(U.S. Dist. Ct., Local Civ. Rules, Southern Dist. Cal., rule 7.1.e.2 [emphasis added].)  The Local Rule further provides, "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."  (U.S. Dist. Ct., Local Civ. Rules, Southern Dist. Cal., Rule 7.1.f.3.c [emphasis added].)  Accordingly, this Court should not consider the AYONS' "opposition" in ruling on *Specially Appearing* Defendants' motion to dismiss as the opposition was never filed in accordance with the express requirements of the Local Civil Rules of the Southern District.  (Giusso Decl., ¶ 5.)

Moreover, the AYONS' "response" and "opposition" utterly fails to address even a single argument put forth in *Specially Appearing* Defendants' motion to dismiss.  The entirety of the AYONS' "opposition is devoted to an argument that this case should be remanded to state court.  Not only are the AYONS' arguments for remand virtually incoherent, but the "opposition" utterly fails to address even one of the **four** separate bases on which *Specially Appearing* Defendants argued that this case should be dismissed.  Accordingly, *Specially Appearing* Defendants' motion to dismiss is essentially unopposed.  This Court should grant the motion to dismiss on all bases argued therein.

/ / /

/ / /

**B.     The Case Should Not Be Remanded To State Court As The Case Was Timely And Properly Removed Pursuant To 28 U.S.C. §§ 1332(a), 1441, and 1446.**

The vast majority of the AYONS' response to *Specially Appearing* Defendants' motion to dismiss is devoted to their argument that removal of the case to the Southern District was not proper. The AYONS' arguments in this regard are summarized in the introduction section of the opposition:

- Plaintiffs have not named any Indian tribe as defendants, therefore there is no federal question issue, and no failure to exhaust tribal remedies at issue;
- Plaintiffs have not named any diverse parties as defendants;
- Plaintiffs have not alleged an amount in controversy over $75,000.

(Opposition, p. 2:4-7.) Each of the above positions taken by the AYONS are both factually and legally incorrect and must be disregarded by this Court.

First, the AYONS claim that "there is no federal question issue." The AYONS go on to assert that "Doe defendants, including potential Indian tribe defendants, must be disregarded for determining removability" and that "[i]t is not enough for removal purposes that a federal question may arise during the course of litigation in connection with some defense." (Opposition, pp. 3:7-8, 4:2-3.) Such statements are not in any way responsive to any argument put forth by *Specially Appearing* Defendants in this case. Moreover, this argument is completely irrelevant to both the currently pending motion to dismiss, as well as to *Specially Appearing* Defendants' petition for removal. A brief glance at the removal petition filed in this Court on December 28, 2008 by *Specially Appearing* Defendants reveals that the removal petition was predicated on the Court's <u>diversity</u> <u>jurisdiction</u> pursuant to 28 U.S.C. section 1332(a). Nowhere, in any pleading submitted in this case, have *Specially Appearing* Defendants argued that the jurisdiction of this Court is based on federal question jurisdiction. Further, the petition for removal includes absolutely no statement as to the citizenship of any Doe Defendant. Accordingly, the AYONS' argument that there is "no federal question issue" is wholly immaterial.

/ / /

1       Second, the AYONS claim that "Plaintiffs have not named any diverse parties as
2 defendants." They later argue that "[t]here is no diversity (one of the named defendants is
3 qualified to do business in California)." (Response, p. 2:22-23.) In making such a statement, the
4 AYONS ignore the most elementary principles underlying the diversity jurisdiction of the federal
5 courts. Section 1332(c) of Title 28 of the United States Code expressly states, "[f]or purposes of
6 this section and section 1441 of this title: (1) <u>a corporation shall be deemed to be a citizen of any</u>
7 <u>State by which it has been incorporated and of the State where it has its principal place of</u>
8 <u>business</u>." (28 U.S.C. § 1332(c) [emphasis added].) Whether a corporation is "qualified to do
9 business" in a given state has no bearing whatsoever on whether diversity exists between parties in
10 a civil lawsuit. For purposes of the diversity jurisdiction of the federal courts, the test is clear: a
11 corporate defendants' citizenship is determined by (1) its state of incorporation, and (2) the state of
12 its principal place of business. (28 U.S.C. § 1332(c)(1).) The AYONS have cited no authority to
13 support the proposition that a corporate defendant is deemed to be a citizen of any state in which it
14 is "qualified to do business."

16       *Specially Appearing* Defendants presented competent evidence—evidence which the
17 AYONS failed to address—in support of the motion to dismiss that *Specially Appearing*
18 Defendants are <u>not</u> citizens of the State of California for purposes of the Court's diversity
19 jurisdiction. "*Specially Appearing* Defendant Harrah's Entertainment, Inc. is a Delaware
20 corporation headquartered in Las Vegas, Nevada. (Kostrinsky Decl., ¶ 3.) "*Specially Appearing*
21 Defendant Harrah's Operating Company, Inc. is a Delaware corporation which is also
22 headquartered in Las Vegas, Nevada." (Kostrinsky Decl., ¶ 4.)

24       *Specially Appearing* Defendant Harrah's Rincon Resort & Casino, Inc. is a name, not a
25 legal entity, and as such has no citizenship for purposes of the Court's diversity jurisdiction.
26 (Kostrinsky Decl., ¶ 2.) Whether an artificial entity is a "corporation" within the meaning of
27 section 1332(c)(1) depends on state law. An entity incorporated under state law is a corporation
28 for diversity purposes "regardless of [its] individual structure, purpose, operations, or name."

(*Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004).)  However, as was clearly stated in *Specially Appearing* Defendants' motion to dismiss, there is no such legal entity with the name Harrah's Rincon Resort & Casino in California or in any other state.  Thus, the AYONS appear to argue that diversity is destroyed as a result of their making up a non-existent legal entity and naming such entity as a defendant in the case.  This notion is absurd.  The evidence presented by *Specially Appearing* Defendants supporting the proposition that no defendant in this case is a citizen of California stands uncontested.  Accordingly, the requisite complete diversity of citizenship under section 1332(a) is present.

Finally, the AYONS claim the requisite amount in controversy is not met, thereby denying this Court of diversity jurisdiction under section 1332(a).  However, it is well established that to be removable on diversity grounds, it must be ascertainable that the amount in controversy, <u>at the time of the petition for removal</u>, exceeds the jurisdictional minimum.  (*Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217-218 (3d Cir. 1999).)  Subsequent attempts to reduce the amount in controversy by the plaintiff do not oust the federal court of diversity jurisdiction as long as the demand was made in "good faith."  (*Watson v. Blankinship*, 20 F.3d 383, 387 (10th Cir. 1994); *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004) (holding remand was improper even where a case was properly removed based on diversity and dismissal of certain claims left the value of the remaining claims below the jurisdictional minimum).)

The AYONS' own statement of damages filed in San Diego County Superior Court on November 16, 2007 expressly states that the AYONS claim: <u>$150,000.00 in compensatory damages for pain, suffering, and inconvenience; $150,000.00 in compensatory damages for emotional distress; $31,520.00 for incurred medical expenses; and $20,000.00 for future medical expenses</u>. (Exh. 4.)  Such a statement unequivocally shows that the AYONS' claims met the requisite minimum jurisdictional amount as of the time of the petition for removal.  Accordingly, the argument that the minimum amount in controversy is not present should be denied as contrary to the plain facts.

### III.

### **CONCLUSION**

The "opposition" filed by the AYONS violates the Local Civil Rules of the Southern District and should be stricken by this Court as untimely. Moreover, it is completely non-responsive to any of the arguments put forth by *Specially Appearing* Defendants in the motion to dismiss. Further, the AYONS' request that this matter be remanded back to state court should be denied as *Specially Appearing* Defendants' removal petition was timely filed and was properly based on this Court's diversity jurisdiction under 28 U.S.C. section 1332(a).

SHEA STOKES ROBERTS & WAGNER, ALC

Dated: February 19, 2008      By:  s/Ronald R. Giusso
                                   Maria C. Roberts
                                   Ronald R. Giusso
                                   Attorneys for *Specially Appearing* Defendants
                                   HARRAH'S ENTERTAINMENT, INC.,
                                   HARRAH'S OPERATING COMPANY, INC.
                                   and HARRAH'S RINCON RESORT & CASINO, INC.